SullivaN, J.
The plaintiff commencedtwo actions of debt against Sisloff and Reineking, before a justice of the peace. The suits were founded on three notes of $50.00 each, and one of $46.00. The process was served on Reineking and returned not found as to Sisloff. The judgments of the justice were appealed to the Circuit Court where the suits were consolidated. The defendant had leave to amend his defense, and, thereupon, as to the three notes of $50.00 each, pleaded nil debet, and swore to his plea. . The execution of the note for $46.00 was not denied. The Court gave judgment against the defendant for the amount of the last named note; from which judgment the plaintiff prosecutes this writ of error.
At the trial, the partnership of Sisloff and the defendant was proved. It was also proved, that during the existence of the partnership, Sisloff made and signed the notes on which the suits were brought as stated in the record. The defendant then introduced a witness, by whom he proved that the notes were given in consideration of cash to that amount, which had been received by Sisloff from certain contractors on the public works who were indebted to Hickman, who had authorized Sisloff to collect the money for him. The plaintiff thereupon offered to prove that Sisloff, during the existence of the partnership, had declared that the money received by him as proved by the defendant’s witness, had been applied and used by himself and partner in the partnership business. The defendant objected to the evidence, and the Court sustained the objection. The refusal of the Court to receive the statements of Sisloff as evidence, is the error complained of.
The Court decided correctly in rejecting the declarations *416 of Sisloff, under the circumstances of the case. The money collected by Sisloff, on the order of the plaintiff, did not come to his hands as a partner. The order was not drawn in favour of the partnership, but of Sisloff in his individual character, and in that character he received the money. It *was a private transaction between him and the plaintiff. When called on for the money he was unable to pay it. Here his liability to Hickman was fixed, and the question is whether his declarations at that time can be received, the effect of which will be to compel another person to share his liability. We think not. We do not question but that it was competent for Hickman, by disinterested proof, to show that the money received by Sisloff had. been used in and about the partnership business, and thereby to have made the partners jointly responsible for the amount. But Sisloff himself is manifestly incompetent to establish that fact because, by doing so, he makes his debt to Hickman a partnership instead of a private debt.
J. W. Payne and H. P. Thornton, for the plaintiff.
R. Crawford, for the defendant.
A private creditor of one of several partners who takes a bill or note on the partnership credit, drawn by his debtor, and without the knowledge of the other partners, commits a fraud on the partnership, and in his hands the bill or note is void. Green v. Deakin, 2 Stark., 347; Wells v. Masterman et al., 2 Esp. R., 731: Arden v. Sharpe et al., Ib., 524; Cary on Part., 41, 2.
Per Curiam.—The judgment is affirmed, with costs.