## DITTS v. LONSDALE, ADM'R.

EVIDENCE.—*Partnership.*—In a suit upon a promissory note made in the name of a firm, where the execution of the note is denied, it is competent to show that in other transactions with other parties prior to the making of the note, one of the defendants had acquiesced in the use of his name by the other partner.

PARTNERSHIP.—*Promissory Note.—Liability of Partner.*—To render one liable as a partner on a promissory note, made by one partner in the firm name, it must appear that it was made in the partnership business, for the purposes of the partnership.

SAME.—*Nominal Partners.*—Nominal partners are those who appear, or are held out to the world as partners, but who have no real interest in the firm or business.

SAME.—Nominal partners are liable to third persons, notwithstanding they have no real interest in the firm or business.

From the Madison Circuit Court.

*J. A. Harrison, Sansberry & Goodykoontz,* and *Robinson & Lovett,* for appellant.

*R. Lake,* for appellee.

DOWNEY, J.—Suit by the appellee, as administrator of the estate of William O'Brien, deceased, against the appellant and one John M. Ditts, on two promissory notes, signed " J. M. & M. P. Ditts." One of the notes was dated April 22d, 1868, and the other October 12th, 1868.

After the commencement of the action, John M. Ditts departed this life; his death was suggested, and the other defendant, Martin P. Ditts, having become his administrator, his name was substituted for that of his intestate, so that he occupied the position of defendant in his own right, and also as administrator of John M. Ditts, deceased. As administrator of the said deceased, he pleaded a general denial and payment; and in his own right he pleaded a general denial, and a second paragraph denying specifically the execution of the note; both of which paragraphs were verified by his oath. Reply in denial of the special paragraphs.

A trial by jury resulted in a verdict for the plaintiff against the defendant personally, and as representative of his intestate. There were also special findings as follows:

1. Did the defendant, Martin P. Ditts, execute the notes in suit?

Answer: He did, by consent.

2. Did Martin P. Ditts authorize the execution of the notes in suit?

Answer: Yes.

3. For what purpose were the notes in suit executed?

Answer: For the use of the firm.

4. What was the consideration of the notes in suit?

Answer: Seven hundred and sixty-three dollars and twenty-two cents.

5. Was the consideration of the notes in suit used in any partnership business of John M. Ditts and Martin P. Ditts?

Answer: No evidence shown for what purpose the money was used.

Motion for a new trial overruled. and final judgment accordingly.

Martin P. Ditts, in his own right alone, complains of the judgment, he having, as administrator, appeared and declined to join in the appeal. The error assigned by him is the overruling of his motion for a new trial.

The motion of the appellant for a new trial was for the following reasons:

1. Insufficiency of the evidence.

2. Excessive damages.

3. Admitting certain evidence of one Curtis Langley, over the objection of the defendant.

4. Giving instructions one, two, three, four, five, six, and seven.

5. Refusing to give instructions one, two, and three, asked by the defendant.

1. The evidence warranted the jury in finding as they did.

2. The damages are not excessive. This point is not urged by counsel.

3. The evidence of Curtis Langley is brought in question as follows: The plaintiff asked the witness the following question: "State whether or not you have ever held any notes executed in the firm name of J. M. & M. P. Ditts." The appellant objected, on the ground that the evidence sought was irrelevant, and objected to evidence of any statements as to transactions with John M. Ditts occurring long before the making of the notes in suit, in which he did not participate. He also objected to any statements of transactions with him as administrator of John M. Ditts, since his death, as evidence tending to show that he is individually or otherwise liable than as administrator; because such evidence is immaterial and irrelevant to the issues, to prove that he made either of the notes in suit. The court overruled the objection, and the witness gave the following evidence: " I have loaned John M. Ditts money often ; the last was in 1870, and after the store was sold out, and he gave me a note for this loan, signed J. M. & M. P. Ditts; John made a payment on this note

before he died; I bought some goods at the sale of John's property after his death, and Martin, a few days after the sale, made me a payment on the note; it was in 1870 or 1871, that I bought the goods at sale."

On cross-examination, he testified as follows: " The payment Martin made on the note, he made as administrator of John's estate; I gave him a receipt as administrator; I got a horse of Martin, and credited it on the note."

The object of this evidence was to show that in other transactions, with other parties, the appellant had acquiesced in the use made of his name by John M. Ditts. That this instance was prior to the execution of the notes in controversy, does not seem to us to affect the force of the evidence, but rather to strengthen it. As we understand this evidence, the appellant made no objection to this use of his name, and not only made payments on the notes as administrator, but made a payment on it himself by the delivery of a horse to the witness. While this evidence was not very strong, we cannot say that the court committed an error in admitting it for what it was worth.

4. The instructions given were all excepted to by the appellant. They are as follows:

" Gentlemen : This is an action on two notes, brought by Lonsdale, administrator of William O'Brien, deceased, against Martin P. Ditts, administrator of John M. Ditts, deceased, and against Martin P. Ditts, individually. For the deceased, John M. Ditts, the administrator files the general denial, and for himself he files the general denial under oath, and payment for both defendants. Under the general denial filed, and *non est factum*, it is incumbent on the plaintiff to prove by a preponderance of the evidence, the execution of the notes. But the next question, that of payment, it depends on the defendant to prove by a preponderance of the evidence the payments made, or they cannot be allowed. It then becomes important for you to determine whether John M. Ditts executed the notes in suit, and whether Martin P. Ditts executed the notes in suit; and in this connection it is proper for the

court to say, that in order to the execution of the notes it is not necessary that either John M. or Martin P. Ditts should have actually signed the notes, or either of them. It is sufficient if the party authorize any one to sign his name for him, or acknowledge the notes after his name is signed to them; or if a partner, and one of the partners, in the partnership business, under proper authority, execute the note, it will bind the party.

" 2. Then what is the fact in this case? Did John M. Ditts execute these notes sued on, and did Martin P. Ditts (sign) the notes sued on, or authorize his name signed to them, or did he acknowledge the notes after they were executed? If you believe from a preponderance of the evidence that he, John M. Ditts, executed the notes sued on, your finding should be against his administrator in this cause.

" 3. And if you believe from a preponderance of the evidence that Martin P. Ditts executed the notes sued on, that is, that he either authorized any one to sign them for him or signed them himself, or acknowledged the notes after they were executed, when talked to about them, or that John M. Ditts was his partner in business, and, under authority in the way of said partnership, signed the notes for himself and Martin P. Ditts, your finding should be against Martin P. Ditts. If, on the other hand, you believe that a preponderance of the evidence fails to show either of the defendants or both of them executed the notes in suit, then you should find for the defendants who failed to execute the notes. You should allow the defendants for all payments that a preponderance of the evidence shows to have been made on the notes.

" 4. If, in the case the evidence shows by a preponderance thereof that John M. Ditts signed his own name and the name of Martin P. Ditts to the notes sued on, in that instance it becomes important for you to determine whether Martin P. Ditts has done anything to bind himself by the signature or is bound by it; and if you find that Martin P. Ditts and John M. Ditts were in partnership, or that Martin P. Ditts, not being a partner, permitted his name used and held out to the public

as a partner, and the note sued on was given in the partnership business; or if he was or was not a partner, and yet, after his name was written to the note, he acknowledged the same or promised to pay the same, then the plaintiff should recover; but, if you find that the notes were not given in a partnership transaction, or that Martin P. Ditts never authorized his name signed to the notes, or that he never acknowledged the notes after their execution, then your finding should be for Martin P. Ditts."

The sixth and seventh instructions relate to the form of the verdict. There is no fifth in the record.

We go to the brief of counsel for objections to the instructions. The first objection, as we understand the counsel, is, that in the second and third, the court, in effect, told the jury that if the defendants John M. and Martin P. Ditts were partners, and the firm name was signed by John M., this would render Martin P. liable, whether the notes were made within the scope of the partnership or not.

In the second charge the court does not lay down any rule with reference to the liability of Martin, P. Ditts personally. The court propounds a question with reference to the liability of both John M. and Martin P., but in that charge lays down a rule as to John M. only.

In the third charge the court gives the rule as to the liability of Martin P. The court tells the jury, in that charge, when he would be liable. If he executed the notes, 1. By authorizing some one to sign the notes for him. 2. By signing them himself. 3. By acknowledging the notes after they were executed when talked to about them. 4. If John M. was his partner in business, and, under authority in the way of said partnership, signed the notes for himself and Martin P. Ditts. In any of these cases, the jury were told they must find for the plaintiff against Martin P. Ditts.

With reference to the objections which we are now considering, we do not think the charges in question are objectionable. It is stated in the third instruction, that to render Martin P. Ditts liable on the ground that he was a partner of John

M., the notes must have been executed by John M. " under authority, in the way of said partnership." By this, we think, should be understood that the notes were made in the partnership business and for the purposes of the partnership.

It is further objected to these same instructions, that they improperly informed the jury that if the notes were signed without any authority whatever, and Martin P. Ditts afterwards acknowledged the notes when talked to about them, he would be liable. This part of the instruction assumes that the defendant Martin P. Ditts did not sign the notes himself, did not authorize any person to sign them for him, and was not a partner of John M. Ditts; but, after the notes were executed, he " acknowledged " them. If the case turned upon this part of the instruction, we should hesitate to affirm the judgment, but we think it does not. The jury do not appear to have put the case on the ground of ratification, but on the ground of an original authority, and on this ground, we think, the evidence justified the verdict.

In their answer to the second interrogatory, the jury find that Martin P. Ditts authorized the execution of the notes. It is not clear that Martin P. Ditts participated in the profits of the business; but it is clear that his name was used in the business as a partner, and was on the sign over the door as such, with his full knowledge and consent, prior to the time when these notes were executed, and no notice of any change or dissolution appears. Under these circumstances, when the case does not seem to have gone to the jury or been considered by them on the ground of ratification, we ought not to disturb the judgment, even if the part of the instruction in question was not strictly correct.

It is urged that the fourth instruction is incorrect, for the same reason as the second and third. We think, however, that, viewed with reference to the evidence and the findings of the jury, it is not so erroneous as to require a reversal of the judgment.

The next and last question is as to the refusal to give

instructions one, two, and three, asked by the defendant Martin P. Ditts.   These instructions are as follows:

" 1.  This is an action brought by the plaintiff as administrator of the estate of William O'Brien, against the defendant, Martin P. Ditts, in person and as administrator of the estate of John M. Ditts, deceased, upon two promissory notes alleged to have been executed by John M. Ditts, in his lifetime, and Martin P. Ditts, by the firm name of J. M. & M. P. Ditts; and to the action on said notes the defendant Martin P. Ditts has pleaded the plea of *non est factum,* that is, that he never executed the notes, or authorized any one to execute them for him, and that he never ratified the same after their execution.   Now, under the issues thus formed, in order for the plaintiff to recover against the defendant Martin P. Ditts, he must prove by a preponderance of the testimony that the defendant did execute, or authorize the execution of said notes by some one else, or that he ratified and assented to their execution by some other person after their execution, or that the said John M. and Martin P. Ditts were partners in business of some kind, and that the notes in suit were executed by one of the firm in the firm name of such partnership and for the legitimate and proper purposes of such partnership business; that is, they must be directly connected with the business of such partnership; and if you find, from a preponderance of the evidence, the said facts, then you should find for the plaintiff and against the defendant Martin P. Ditts; otherwise, you should find for said defendant Martin P. Ditts, in person, but against him as administrator of the estate of John M. Ditts.

" 2.  When two or more persons are engaged in business as partners, any one member of said firm can execute a note by the firm name of such partnership; and it becomes binding on all the members of such firm, if it is given for or in consideration of the firm or partnership business, but not otherwise; and if you find from the evidence that John M. Ditts and Martin P. Ditts were in partnership in business of any kind, and that John M. Ditts executed said notes, or either of them, and signed the firm name thereto, and that they were so given

for the individual benefit of said John M. Ditts, and not for
the benefit of the firm or partnership, then in that event Mar-
tin P. Ditts would not be bound, and your finding should be
for him in person in this action, but against him as adminis-
trator of the estate of John M. Ditts.

" 3. If you find, by a preponderance of the evidence, that
the said John M. Ditts and Martin P. Ditts were not partners
in business, and that John M. Ditts signed said notes in a firm
style or form, embracing the name of Martin P. Ditts, then,
and in that event, unless you further find that Martin P. Ditts
authorized the same to be done, or that he confirmed and
approved the same afterward, your finding should be for the
defendant, Martin P. Ditts, individually, but against him as
administrator, as before stated ; otherwise you should find for
the plaintiff against the defendant, generally."

It happens in this case, as it often does in others, that the
court gives a series of instructions, and is then called upon to
give another series differing in some respects from the former,
but like it in many others. We are then required, by an excep-
tion to the instructions given, and to the refusal to give others,
to examine both sets and determine whether any of the prop-
ositions of law contained in the instructions refused are not
covered by the instructions given, and if so whether they
should or should not have been given to the jury. So far as
the instructions asked are merely a repetition of those already
given, it was unnecessary that they should have been given.

After a careful comparison and consideration of the instruc-
tions, we are of the opinion that the court did not commit any
error in refusing to give the instructions asked by the defend-
ants. Partners are ordinarily divided into, 1. Ostensible
partners, or those whose names are made known and appear
to the world as partners, and who in reality are such. 2.
Nominal partners, or those who appear or are held out to the
world as partners, but who have no real interest in the firm
or business. 3. Dormant partners, or those whose names are
not known, or do not appear as partners, but who, neverthe-

less, are silent partners, and partake of the profits, and thereby become partners, either absolutely to all intents and purposes or, at all events, in respect to third persons. Story Partnership, sec. 80.

Nominal partners are liable to third persons, notwithstanding they have no real interest in the firm or business. Story Partnership, sec. 64.

The instructions asked did not present this view of the case to the jury, although the case, as presented by the evidence, justified the jury in so regarding it. This view was presented, however, in the fourth instruction given by the court.

We think there is no available error in the record.

The judgment is affirmed, with costs.