## GRAVES ET AL. *v.* KELLENBERGER.

PARTNERSHIP.—*Firm not Bound by Acts of one Partner not Within Scope of Partnership.*—Two persons were partners in the milling business, one owning the mill, and the other furnishing the money for carrying on the business, but having no interest in the mill. The former, without the knowledge, consent or ratification of the latter, gave the firm note to a third person for a lightning rod put up on the mill. These facts being proved on the trial of an action on said note against the makers, wherein said partner who furnished the money answered under oath denying the execution of the note, there could be no recovery thereon against him, the transaction not being one within the scope of the ordinary affairs of the partnership. (WORDEN and BUSKIRK, JJ., dissented.)

From the Newton Circuit Court.

*Troxell, Ward & Graham,* for appellants.

DOWNEY, J. — Action by the appellee, as assignee of a promissory note, against Graves and Graham, the appellants, the makers. Graham made default. Graves answered under oath, denying the execution of the note. The court found for the plaintiff. A motion for a new trial, on account of the insufficiency of the evidence, was made and overruled, and this is assigned as error.

Graves and Graham were partners in the business of milling, Graham owning and furnishing the mill, and Graves furnishing the money capital used in the business, but having at the time no interest in or ownership of the mill. The note was signed in the firm name by Graham, without the knowledge, consent or ratification of Graves. It was given for a lightning rod put up on the mill.

The question is, was this an act within the scope of the partnership business?

The lightning rod, when put up, became a part of the realty, and the ownership of it vested in Graham, the owner of the mill. It became exclusively the property of Graham. Graves acquired no interest in or ownership of it. Each partner is the agent of the other or others in all matters within the scope of the partnership concerns.

The law of partnership, to some extent, is a part of the law of principal and agent. But because two persons are partners, it does not follow that each may bind the other in any and all matters. The matter must be one which comes within the scope of the partnership business. If it is not, one partner cannot bind the other, any more than an agent can bind his principal in a matter which is foreign to the business of the agency. If an act can be said to have been necessary for the carrying on of the business of the partnership in the ordinary way, the firm will, *prima facie*, be liable, although the act was not authorized by all the partners; but if the act was not necessary for the carrying on of the business of the partnership in the usual way, the firm will not be liable. *Dickinson* v. *Valpy*, 10 B. & C. 128; *Hagar* v. *Mounts*, 3 Blackf. 57; *Hickman* v. *Reineking*, 6 Blackf. 387; 1 Lindley Part. 192 to 195; Story Part., sec. 110 *et seq.*; *Ditts* v. *Lonsdale*, 49 Ind. 521.

The plaintiff could only succeed by proving, the execution of the note having been denied under oath, that the transaction was one coming within the scope of the ordinary affairs of the firm. This, we think, has not been done.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.

WORDEN and BUSKIRK, JJ., think the placing of the lightning rod on the mill was fairly within the scope of the partnership, and therefore dissent.