The Chief Justice
delivered the opinion of the court.
Duryee, appellee, sued Friend & Hammond, as partners by that name, upon their indorsement of a bill drawn by the St. Mary’s River Lumber Company upon G. D. Howell, of New Jersey, at sixty days’ sight, payable to the order of Friend & Hammond, and accepted, before indorsement, by Howell. The declaration alleges that the bill was indorsed by “Friend & Hammond” to the plaintiff, was presented, when due, for payment, and duly protested for non-payment, and due notice thereof to defendants, &c., and defendants have not paid.
The defendant, Friend, pleads that himself and Hammond were not partners doing business in the firm name of Friend & Hammond in manner and to the effect alleged, but that the said Hammond and himself were partners only in the practice of law before the courts, and never were partners in trade or authorized to sign bills of -exchange or otherwise to contract liabilities, which was well known to the plaintiff, and denies that he indorsed the bill or authorized the indorsement thereof for him.
And for a further plea on equitable grounds, 'the defendant, Friend, says that the’draft on which the action is brought was not indorsed to the plaintiff as a usual commercial paper, but that plaintiff discounted and took the Same from defendant, Hammond, at a large discount, and not for the usual rate of exchange, after it was accepted by Howell, the drawee, with the understanding that plaintiff would take, and only did take said paper on the responsibility of the acceptor, Howell, who was represented by the plaintiff to be a good and responsible party, and that Hammond merely indorsed said paper in blank as a transfer of the same for the accommodation of the plaintiff to enable him to collect the same from the acceptor, and with the further understanding that the plaintiff would look to Howell, and not to the defendants, or either of them, for payment of the draft, which the plaintiff in equity ought to do.
The defendant, Hammond, pleads severally that the plaintiff bought the draft at a large discount from him, Hammond, after he had procured the acceptance thereof by Howell, a member of the firm called the St. Mary’s River Lumber Company (the drawer of the draft); that it was understood at the time plaintiff purchased the draft, that plaintiff took it upon the known solvency of the acceptor, and that this defendant’s indorsement was not for the purpose of guaranteeing the draft, but to enable plaintiff to col-Tect the same fro'm the acceptor, and simply to transfer the paper to the plaintiff.
The plaintiff demurred to the several pleas:
First, Because the defendants ought not to file - several pleas, but should be required to plead as partners by joint and not by several pleas.
Second, That the first plea of the defendant, Friend, is insufficient and tenders no'material issue; that it does not deny the indorsement of the draft by Friend & Hammond as partners, and traverses no material allegation in the declaration, and sets forth no defense to the action or an avoidance of the liability, and is evasive, double and uncertain, and not responsive to the declaration.
Third; That the said plea above pleaded by John Friend, and the pleas above pleaded by D. M. Hammond, are insufficient in law, further, in that they do not ple'ad in denial of the indorsement of said draft, as partners, to the plaintiff for a valuable consideration.
Fow'th, That said pleas do not set forth any matter or facts discharging or relieving them from liability as in-dorsers.
Fifth, That said pleas set forth no legal defense to said action, and are frivolous and insufficient.
The demurrer was sustained, the pleas adjudged to be insufficient, and leave granted to defendants to plead over. The defendants declined to plead anew, and the court gave judgment by default, empanelled a jury, who assessed the plaintiff’s damages at one hundred and sixty one 81-100 dollars, for which judgment was rendered with costs.
From this judgment the appeal is taken. The errors assigned are:
1. That the court erred in holding the defendants to be partners in trade, and in requiring them to plead by a joint plea as partners.
2. In sustaining the demurrer to the pleas.
3. In disregarding and setting aside defendants’ pleas which set up a good defense.
4. In giving judgment by default for want of plea.
5. In giving final judgment for plaintiff.
As to the first error assigned, it seems that judgment was given upon the demurrer, generally, and not upon specific grounds, and in effect it sustains every ground of demurrer. The first was that defendants should not sever, but plead jointly as partners. We find no authority for holding that a joint plea is indispensable, even if the fact of partnership in trade be admitted, but the effect of the judgment is to preclude the defendants from denying such a partnership, and assumes that it does exist. A paper may be signed with a partnership name by one of the partners, and yet the circumstances may be such that only dne bf them is bound ; as where one gives a note signed with the partnership name for his individual debt without the consent of a copartner, or in any transaction not within the scope of the copart-nership business, and in a variety of other cases.
The judgment here assumes the liability of both defendants and precludes the showing of any defense as to either of them, and also denies the right of one to plead in his individual capacity any defense which might go to the discharge of both, and even to the right of one of them to deny the existence of the partnership. The ruling is clearly wrong.
The second ground of demhrrer is, that the plea of Friend tenders no material issue, is evasive, double; uncertain and not responsive.
The plea of Friend denies that defendants were general partners, or partners in trade, but says they were only partners in the practice of a profession, that he did not sign or authorize the indorsement of the draft, and that plaintiff knew the character of the partnership.
The declaration is against defendants as co-partners, upon their indorsement of ,a bill of exchange, and alleges -merely a co-partnership, without in express terms charging the purpose of the co-partnership.
A partnership for the purpose of engaging in the practice of a profession, is not a partnership in trade. By the custom of merchants, long established in law, if one partner in trade draw, accept or indorse a bill or note in the name and seemingly in behalf of the firm, such act will render all the partners liable to a bona fide holder. (Chitty on Con., 45.) The partnership must be in a trade or concern to which the issuing or transfer of bills is necessary or usual, for otherwise a co-partner will not be liable for the act of his partner, unless he gave express authority. (Chitty on Con., 54, and notes.) Attorneys who are in part *36 nership have no implied authority to become parties to negotiable instruments and bind the firm thereby. The authority to do such acts must in such cases be either expressly given, or be recognized as proper and necessary, or in the usual course of a particular business of that firm. (Story on Partnership, Sec. 102; Sweetser vs. French, 2 Cushing, 310; Harman vs. Johnson, 18 L. & E. Rep., 400; Parsons’ Mercantile Law, 175; Lanier vs. McCabe, 2 Fla., 32; Bank of Rochester vs. Bowen, 7 Wend., 158; Breckenridge vs. Shrieve, 4 Dana, Ky., 375.)
The rule is thus given in 4th Dana: Borrowing money is not part of the regular business of an attorney and counsellor at law; from the existence of a partnership in that profession, therefore, no authority results to any member of the firm to obtain loans on the credit of the firm, unless authority is given by the express terms of the partnership contract, or may be implied from the general habits of the partners, and no other member will be bound by such contract without his express consent. . We find no exceptions to this rule in the books. The declaration in, this case does not allege the character of the partnership of Friend & Hammond, whether in trade or otherwise. By implication only can we consider it as charging that the draft, was indorsed in the regular course of, the business of the firm, and thus that it contains a cause of action. The first plea puts in issue this implied allegation,, and, as we have seen, tenders a substantial issue and a defence. If true, it shows that Friend is not liable. The judgment is therefore erroneous, as to the second ground of demurrer.
The second and third errors assigned relate to the judgment of the court upon the grounds of demurrer that the other pleas of Friend and of Hammond set up no defence.
It is laid down in Chitty on Contracts, 265, that “if the indorsee of a note take it subject to an agreement not to sue the indorser, he is precluded from so doing.” (Pike vs. Street, Mood. & M., 226; and see Parson’s Mercantile Law, 124.)
In the case of Cowles vs. McVicker,. (3 Wis., 637, 643,) the court says “a note may be sold in the market for less than its value and the payee may indorse the note so as to pass the title. * * But the indorser in such case would not be liable for the payment of the note. This transaction would be a sale, nothing more nor less, and the indorsee might, if the indorsement were in blank, fill it up without recourse, and recover of the maker. But where a note is transferred by the payee and indorsed by him in the usual manner, or the payment guaranteed by him in consideration of a certain sum paid or advanced by the indorsee, the transaction is essentially a loan.”
These authorities would seem to be conclusive that the facts pleaded constitute a defence to the action, and that the demurrer should have been overruled.
It is unnecessary to notice any other question raised by the assignment of errors, as the judgment must be reversed with directions to enter judgment overruling the demurrer, and that such further pleadings and proceedings may • be had as may be according to law.