Lucas *v.* Baldwin *et al.*

Filed Oct. 11, 1884.

---

No. 11,892.

## LUCAS *v.* BALDWIN ET AL.

PROMISSORY NOTE.—*Complaint.*—*Partnership.*—A complaint which contains a copy of a note, and in effect alleges that the defendants, by the name affixed to the note, executed it to the plaintiffs by the name by which the payees were designated in the note; that said note is due and unpaid, is sufficient. It was not necessary to allege the firm name and style in which the plaintiffs or defendants did business, but the averments did not vitiate.

SAME.—*Denial of Execution by One Partner.*—*Evidence of Authority.*—In an action against two or more on a note, one of the defendants may deny for himself, under oath, its execution, and if the note was made by a partner of that defendant, the answer would require proof that the giving of the note was within the authority of the partner, acting in the business of the partnership.

From the Clinton Circuit Court.

*J. V. Kent* and *O. E. Brumbaugh,* for appellant.

*A. E. Paige, S. O. Bayless* and *W. A. Staley,* for appellees.

BLACK, C.—The appellees sued the appellant and John L. Weaver, and recovered judgment against said Weaver upon his default, and against the appellant upon a verdict returned on the trial of.issues formed. The appellant has assigned as error that the complaint does not state facts sufficient to constitute a cause of action.

The complaint, omitting its title and the signature of the plaintiffs' attorneys, was as follows:

" Dwight H. Baldwin, Lucien Wilson and Robert A. Johnson, plaintiffs, doing business under the firm name and style of D. H. Baldwin & Co., complain of John L. Weaver and

John Lucas, defendants, doing business under the firm name and style of Weaver & Lucas, representing and composing the Frankfort Organ Company of the city of Frankfort, and say that heretofore, to wit, on the 18th day of December, A. D. 1882, the defendants executed and delivered to plaintiffs their certain promissory note, in the words and figures following, to wit:

" ' $380.                              DECEMBER 18, 1882.

" 'Six months after date we promise to pay to the order of D. H. Baldwin & Co. three hundred and eighty dollars, at Farmers' Bank, for value received, without any relief whatever from valuation or appraisement laws, with eight per cent. interest from date until paid, and attorney's fees.

" ' FRANKFORT ORGAN COMPANY, Per W.'

" That said note, with eight per cent. interest from date, and the further sum of forty dollars attorney's fee, is now due, and remains wholly unpaid.  Wherefore plaintiffs demand judgment for four hundred and fifty dollars and .all proper relief."

We think this complaint was sufficient.  It was not necessary to allege in what name and style the plaintiffs or the defendants did business, but these allegations did not vitiate. The copy of the note set out became a part of the complaint, which in effect alleged that the defendants, by the name affixed to the note, executed it to the plaintiffs, by the name by which the payees were designated in the note.  *Jackson* v. *Burgert*, 28 Ind. 36 ; *Napier* v. *Mayhew*, 35 Ind. 276.

The appellant has also assigned as error the sustaining of a demurrer to the amended third paragraph of his answer.

This paragraph was verified by the appellant's affidavit, and alleged " that the note set out in the complaint and sued on in this action is not his note, and that he never executed the same ; that he was not at the time of the execution of said note, nor at any other time, a member of the Frankfort Organ Company ; that he never authorized said signature to said note, and that the same was not signed by any person

having power to bind this defendant by said signature or otherwise."

The appellees say in their brief that a motion to strike out this paragraph of the answer was sustained, and that no exception was taken. We find, however, in the record as presented to us, that there was a demurrer to the paragraph, on the ground that it did not " state facts sufficient to constitute a defence to the plaintiffs' action herein." It appears that this demurrer was sustained, and that an exception to the ruling was taken by the appellant.

Where a pleading is founded on a written instrument, it may be read in evidence without proving its execution, unless its execution be denied " by pleading under oath, or by an affidavit filed with the pleading denying the execution," and proof of the names of the makers will not be necessary, unless the same shall be denied " by a pleading under oath, or by an affidavit filed as aforesaid." R. S. 1881, section 364.

In an action against two or more on a note, one of the defendants may deny for himself, under oath, its execution. *Pursley* v. *Morrison*, 7 Ind. 356.

If the note was made by one who was the partner of the appellant, this answer would have required proof that the giving of the note was within the authority of such partner, acting in the business of the partnership. *Graves* v. *Kellenberger*, 51 Ind. 66 ; *Maiden* v. *Webster*, 30 Ind. 317 ; *King* v. *Barbour*, 70 Ind. 35.

The pleading contains redundant matter, but we think it was error to sustain the demurrer thereto.

The judgment against the appellant should be reversed.

PER CURIAM.—Upon the foregoing opinion, the judgment against the appellant is reversed, at the costs of the appellees.

Filed Oct. 11, 1884.