Bays *v.* Conner *et al.*

No. 12,284.

## BAYS *v.* CONNER ET AL.

PARTNERSHIP.—*Scope of Business.— When Note Executed by One Partner in Firm's Name not Binding on Firm.*—One partner can not, in the absence of express authority, bind the firm or his copartner by a note executed by him in the name of the firm, in a transaction outside the scope of the partnership business, even where the money, property or chose in action for which the note is given is applied to the payment of a firm debt.

SAME.—*Agreement by One Partner to Pay Firm Debt.—Surety.*—Where one part-

ner, upon a sufficient consideration, agrees to pay a firm liability, he thereby makes it his individual debt, the other partner merely standing as surety.

From the Marion Superior Court.

*W. D. Bynum, A. T. Beck* and *J. S. Bays,* for appellant.

*L. Ritter, E. F. Ritter* and *B. W. Ritter,* for appellees.

HOWK, J.—In this case appellant Bays alleged in her complaint that, on the 5th day of April, 1882, the appellee Conner and Arthur L. Blue were partners, trading under the firm name of the "Central Printing Company;" that, on the day last named, the appellee and Blue, in their said firm name, executed to appellant their promissory note for $500, payable six months after date to the order of appellant, with six per cent. interest from date and attorneys' fees; that such note was due and unpaid; and there was due thereon the sum of $600, for which sum appellant demanded judgment.

The summons issued on this complaint was returned "not found," as to Arthur L. Blue. Appellee Conner separately answered by a denial, verified by his oath, of every material allegation of appellant's complaint. The issues thus joined were tried by the court at special term, by and before a special *pro tem.* judge, and a finding was made in favor of appellant Bays. Over the motion of appellee Conner for a new trial, the court rendered judgment against him, in appellant's favor, for the amount found due on the note. The record shows that twenty days after the rendition of the judgment against Conner, an appearance was entered to appellant's action by Arthur L. Blue, and a separate judgment was rendered against Blue for the amount due on the note. On the separate appeal of Conner to the court below in general term, the judgment of the special term against him was in all things reversed. From this judgment of the general term, appellant prosecutes this appeal to this court, and she has here assigned, as error, that the general term erred in reversing the judgment at special term.

Appellee, in general term, assigned as error the overruling of his motion for a new trial. In this motion, the causes assigned for such new trial were, (1) the finding of the court is contrary to law, and (2) the finding of the court is not sustained by sufficient evidence. It is manifest, therefore, that the case is presented for our decision upon the evidence appearing in the record, and the law applicable to the facts established by such evidence. Appellant has made the opinion of the general term a part of the record on this appeal, and as it contains, we think, a fair summary of all the facts established by the evidence in this case, we adopt such summary of facts, as a part of our opinion, as follows:

" Conner and Blue were partners in the printing business, under the firm name of the 'Central Printing Company.' The firm was indebted to the Central Bank of Indianapolis, upon over-draft and note, to the amount of $814.11, on April 7th, 1882, when the bank failed and closed. Conner settled with the bank for $323.64 of this amount by an arrangement with the bank, by which he was allowed to set off against such amount an individual deposit of like amount, and he was credited with a like amount upon the books of the Central Printing Company. It was then agreed between him and Blue that the latter should settle with the bank for the remainder of the firm's indebtedness to the bank, and receive credit therefor upon the books of the firm. At this time the plaintiff, who was the mother of Blue's wife, held a certificate of deposit, issued by such bank, for $140, and also another certificate for $360, issued by such bank to the wife of Blue, but which, it is claimed by plaintiff, belonged to her. After the failure of such bank, Blue, who acted also as the agent for the plaintiff in the matter, procured the two certificates of deposit to be endorsed in blank, and with them settled with the bank the remainder of its claim against the printing company.

" In consideration of the assignment of these two certifi-

cates, Blue, instead of executing his individual note, gave the note in suit. This was dated April 5th, but was not drawn until about April 7th, and after the suspension of the bank, and was not delivered until several days thereafter. No entry of this note was made upon the books of the firm by Blue, nor did Conner know of its existence until after Blue had absconded."

These were the material facts bearing upon the issues in the cause, which were established by the evidence appearing in the record. Upon these facts, it seems to us that the questions for our decision may be thus stated: Is the note in suit the note of the partnership, doing business under the firm name of the "Central Printing Company?" Or, do the facts established by the evidence show that Arthur L. Blue, as a member of such firm, was authorized to execute the note in suit, in such manner as to bind the firm or his co-partner, Conner, for the payment of such note? We are of opinion that each of these questions must be answered in the negative. The facts proved clearly show that the Central Printing Company was in no sense a trading or commercial co-partnership. As the firm name indicated, and as the evidence established, the business of the partnership was confined to the printing business. The Central Printing Company was indebted to the Central Bank of Indianapolis at the time the bank failed and ceased to do business, on April 7th, 1882. Of this indebtedness, Conner settled with the bank for $323.64, out of his own individual means. As to the balance of such indebtedness, to wit, $490.47, it was then agreed between Conner and Blue, upon a satisfactory and sufficient consideration, that Blue should assume and pay such balance to the bank out of his own personal means, and be credited with the amount of such payment on the books of the printing company. Of course, this agreement did not operate to discharge Conner from liability to the bank for the amount of the firm's indebtedness to it, which Blue assumed and agreed to pay. But, as between Conner and Blue, the effect of such

agreement was to make so much of the firm's indebtedness to the bank, as had been thus assumed by Blue, his individual debt to the bank, for the payment of which he stood as the principal debtor, and Conner occupied the position of his surety. Under such agreement, Conner had the right to insist that, as between himself and Blue, the latter should pay the amount of the firm's indebtedness to the bank, which he, Blue, had assumed and agreed to pay out of his own proper and personal means. *Hayden* v. *Cretcher*, 75 Ind. 108; *Warren* v. *Farmer*, 100 Ind. 593.

The evidence in this case conclusively shows, we think, that the note in suit was executed in the firm name of the Central Printing Company by Arthur L. Blue, without the knowledge or consent, express or implied, of his co-partner Conner. It is further shown by the evidence, clearly and unequivocally, that the only consideration for the note in suit was the purchase by Blue of two certificates of deposit in a suspended and broken bank, at their face value, one held by Blue's wife and the other by his wife's mother, of whom the latter is the payee of such note and the plaintiff in this suit. Upon the case thus made by the evidence, it must be held, we think, that the transaction between the appellant and Blue, wherein the latter purchased from the former the two certificates of deposit in a broken bank, was not within the apparent scope of the business in which the Central Printing Company was engaged. This being so, the appellant was chargeable with notice, that the execution of the note in suit by Blue, in the partnership name of the Central Printing Company, was entirely outside the scope of his partnership authority, and that such note would not be binding on, nor evidence a valid debt of, such firm or Conner as a member of the firm. In such a case, the rule is that one partner can not, in the absence of express authority, bind the firm or his co-partner by a note, executed by him in the name of such firm, in a transaction wholly outside the apparent or actual scope of the partnership business; and this is so where, as in

this case, it may appear that the money, property or chose in action, for which the note was given, was applied to the payment of a debt of the firm. *Smith* v. *Sloan*, 37 Wis. 285 (19 Am. R. 757); Collyer Partnership (Wood's ed.), pp. 641, 660 and 792, and notes; *Hickman* v. *Reineking*, 6 Blackf. 387; *Ditts* v. *Lonsdale*, 49 Ind. 521; *Graves* v. *Kellenberger*, 51 Ind. 66; *Hayden* v. *Cretcher*, *supra*; *Lucas* v. *Baldwin*, 97 Ind. 471.

In the case in hand, as made by the evidence, we are of opinion that the court, in general term, did not err in reversing the judgment against the appellee Conner, rendered at special term.

The judgment of the general term is affirmed, with costs.

Filed Feb. 19, 1886.