Summerlot *et al. v.* Hamilton.

same date as the one he bought, but the date alone did not determine the question of priority.

Judgment affirmed.

Filed Nov. 9, 1889.

———————◆———————

No. 13,290.

SUMMERLOT ET AL. *v.* HAMILTON.

PARTNERSHIP.—*Instruction.—Partnership Interest.—Purchase of by One of the Partners.*—An instruction which assumes that the purchase by one of three partners of the interest of one of the partners in the firm business, is such a transaction as authorizes the purchaser to bind the third partner without his knowledge or consent, is erroneous.

SAME.—*When Partners not Agents for Each Other*—Partners are not agents for each other in transactions which relate to the formation or dissolution of the firm, or concerning the disposition of the firm property to each other. The purchase by one partner of the interest of another in the firm property is not a partnership transaction.

SAME.—*Sale of Partnership Interest.—Promissory Note for.—Partner's Lack of Authority to Give.—Notice of.—Subsequent Ratification.*—The effect of a sale by one partner of his interest in the business, to whoever made, is a dissolution of the firm, and the purchasing partner has no implied authority to sign the name of the remaining partner to an obligation without his consent. One taking a note with knowledge that it is so given can not claim that he had no notice of the want of authority of the partner who signed the note. Unless the continuing partners subsequently ratify the transaction in some way, they are not bound.

SAME.—*Promissory Note.—Plea of Non Est Factum.—What Plaintiff must Prove.*—The execution of the note having been denied under oath, it was essential to a recovery that the plaintiff should prove that it was given in a transaction within the scope of the partnership business.

INSTRUCTIONS TO JURY.—*Contradictory Instructions.—Giving of Not a Harmless Error.*—When instructions given are contradictory, and necessarily tend to confuse and mislead the jury, or when they are not applicable to the evidence, and are liable to have a like effect, the error can not be regarded as a harmless one.

From the Owen Circuit Court.

Summerlot *et al. v.* Hamilton.

*J. C. Robinson* and *J. H. Fowler*, for appellants.
*S. O. Pickens* and *W. A. Pickens*, for appellee.

MITCHELL, J.—This was a suit by John W. Hamilton against John J. and William Summerlot to recover the amount alleged to be due the plaintiff on a promissory note signed by the defendants, by the name of Summerlot & Son. The evidence tended to establish the following facts:

William Summerlot, and his son John J., had been engaged for a period of twelve or fourteen years as partners, under the firm name of Summerlot & Son, in conducting a general store, such as is usually kept in a country village. The management of the business was committed exclusively to the son. In June, 1884, the business was discontinued by the firm, and the entire stock in trade disposed of to a third person, who continued the business at the old stand in his own name. About the time of, or perhaps shortly before, the sale of the general store, the young man purchased a small stock of drugs, in the firm name, and the drug business was entered upon in a building apart from the one in which the store had been conducted. The drug business was chiefly under the management of the plaintiff, Hamilton. There was some evidence tending to show that Hamilton was led to believe, by the declarations and conduct of the younger Summerlot, that both the father and son were interested in the business, and members of the firm of Summerlot & Hamilton, but it does not appear that the elder Summerlot ever did or said anything to induce the belief that he was a member of the firm. On the 5th day of December, 1885, John J. purchased Hamilton's interest in the drug business, and in part payment therefor executed the note sued on, which he signed as above stated. William Summerlot pleaded *non est factum* under oath. There is no claim, as we understand the facts, that John J. Summerlot had any authority to bind his father by signing the name of Summerlot & Son, unless, upon the facts above stated, that firm still continued in existence, or

unless, by reason of the former partnership in the general store business, and the failure to bring notice of the dissolution of that partnership to the knowledge of the plaintiff, the authority of John J. Summerlot to sign the name of the firm is to be regarded as having continued.

The plaintiff below predicated his right to recover solely on the ground that he supposed at the time he took the note that William Summerlot and John J. were both interested with him as partners in the drug business, and that, by reason of the partnership relation existing between the father and son, the latter had the right to bind the former by the execution of the note.

The appellant complains that many of the instructions given by the court at the request of the plaintiff were, even if correct as abstract statements of the law, wholly irrelevant and inapplicable to any facts proven or admitted in the case, while others are assailed as erroneous.

The ninth instruction reads as follows : " When a partnership is formed for an indefinite period, it is supposed to continue as to persons having dealings with such partnership until they have legal or actual notice of its dissolution. If you find that the defendants, prior to the execution of the note in suit were partners, under the firm name of Summerlot & Son, and that the plaintiff, prior to that time, had dealings with them, with notice that they were partners ; and if you find that the plaintiff, not having notice of the dissolution of such partnership, entered into the business of merchandizing with the defendant, John J. Summerlot, believing at the time that he was entering into the business of said partnership, and continued in the business for the period of about seven or eight months, at which time, not having notice of a dissolution, he sold out his interest in said business to said John J. Summerlot, believing at the time that he was dealing with said firm, and on the faith and credit of said firm, the defendants would both be liable to plaintiff for such interest so sold ; and if, in settlement of said interest so sold,

the defendant, John J. Summerlot, executed the note in suit, and signed said firm name to it, then both said defendants would be bound, and you should find for the plaintiff; if the purchase of the interest of said plaintiff in said business was in the line of business carried on by said firm."

An instruction substantially like the above was held to be a correct statement of the law in *Iddings* v. *Pierson*, 100 Ind. 418. As applied to the undisputed evidence, as well as upon the theory on which the plaintiff's case proceeded, this charge was plainly erroneous in nearly every proposition it enunciated. This instruction assumes that the purchase by one of three partners of the interest of one of the others in the firm business, is such a transaction as authorizes the purchaser to bind the third partner, without his knowledge or consent. This assumption was entirely erroneous. Such a transaction has no relation to the conduct of the business of the firm. Partners are not agents for each other in transactions which relate to the formation or dissolution of the firm, or concerning the disposition of the firm property to each other. *Williams* v. *Lewis*, 115 Ind. 45; *Blaker* v. *Sands*, 15 Kan. 551.

The purchase by one partner of the interest of another in the firm property, is not a partnership transaction. *Love* v. *Payne*, 73 Ind. 80; *Graves* v. *Kellenberger*, 51 Ind. 66.

The execution of the note having been denied under oath, it was essential to the plaintiff's right of recovery that he should prove that it was given in a transaction within the scope of the partnership business. *Lucas* v. *Baldwin*, 97 Ind. 471.

Besides being erroneous as applied to this case, the charge was in direct conflict with an instruction previously given at the appellant's request, which stated the law correctly, as follows: " Even though you should find that John J. Summerlot and William Summerlot were partners, and had formed a partnership for the purpose of carrying on business as dealers in drugs, and other articles of merchandise, such a

Summerlot *et al. v.* Hamilton.

partnership would not give John J. Summerlot implied authority to purchase the share of said Hamilton in said business, either on his own account or on that of himself and William Summerlot, and execute their joint note therefor. The consent of William Summerlot to carry on a partnership with the other two would not give either of the others implied authority to purchase the interest of one of them on the credit of himself and William." After giving the instruction last above set out, which stated the law correctly, at the request of the defendant, the court gave the other instruction, which is incorrect, and in direct hostility to the one first given.

The effect of a sale by one partner of his interest in the business, whether it be to one of the continuing partners or to a stranger, is a dissolution of the firm, and the purchasing partner has no implied authority to sign the name of the remaining partner to an obligation without his consent. One who takes a note with knowledge that it is so given can not claim that he had no notice of the want of authority of the partner who signed the note. Unless the continuing partners subsequently ratify the transaction in some way, those who did not consent will not be bound.

It is unnecessary to point out the several errors in the instruction last given. These become sufficiently apparent when we say that the one given first stated the law correctly. Other instructions asked and given by the court were equally incompatible with each other.

When instructions given are contradictory, and necessarily tend to confuse and mislead the jury, or when they are not applicable to the evidence, and are liable to have a like effect, the error can not be regarded as a harmless one.

The judgment is reversed, with costs.

Filed Nov. 9, 1889.