Schellenbeck *et al. v.* Studebaker.

Filed November 1, 1895.

---

No. 1,841.

SCHELLENBECK ET AL. *v.* STUDEBAKER.

PARTNERSHIP.- -*Nontrading.—Power to Execute Partnership Note.—Implied Authority.*—A partner in a nontrading firm has no implied authority to execute a firm note for the purchase of horses, in the absence of any necessity, usage or custom justifying use of the firm name, although horses are used in the business.

SAME.—*Execution of Partnership Note.—Scope of Partnership Business.—Burden of Proof.*—In an action on such note, in order to justify a recovery over the plea of *non est factum*, the plaintiff was required to establish that the giving of the note was within the general scope of the partnership business; and if the partnership be a nontrading one, plaintiff must go further and show such additional facts as are necessary to establish the right, either directly by proof of express authority, or inferentially by proof of usage, custom or necessity therefor.

SAME.—*Distinction Between Trading and Nontrading Partnerships.—Commercial Paper.*—A marked distinction exists, as to the power to execute commercial paper, between trading or commercial partnerships and those of nontrading or noncommercial partnerships.

SAME.—*Trading Partnership, What Does Not Constitute.*—It is not sufficient to constitute a trading partnership that a firm engaged in

the dairy business should, in the course of its business, buy some articles such as wagons, horses, etc., not to sell again, but simply for use in its business.

SAME.—*Nontrading.*—*Dairy Business.*—*Firm Note.*—*Implied Authority.*—A partnership to conduct a dairy business is a nontrading partnership within the rules as to implied authority in one partner to execute firm paper.

From St. Joseph Circuit Court.

*F. J. L. Meyer,* for appellants.

*G. E. Clark,* for appellee.

GAVIN, J.—The appellee sued appellants, Snyder and Schellenbeck, upon a note purporting to be executed by "Emil Schellenbeck & Co." Appellant Snyder filed a sworn answer of *non est factum.* The jury returned a special verdict, upon which appellee had judgment. Snyder prosecutes this appeal.

The material facts, briefly stated, are these: Schellenbeck executed the note sued on (being commercial paper) in consideration of a team of horses purchased by him from appellee, on whose land he was then farming upon his own account. Upon this land he used the team solely in his own business and never in the firm's business. Schellenbeck and Snyder were also engaged as partners in the dairy business under the firm name of "Schellenbeck & Co.," and were the owners of cattle, cows, and three teams of horses used in delivering the milk produced by the cows. Snyder did not authorize the execution of the note, had no knowledge thereof until after the dissolution of the partnership, and, upon being apprised of it, immediately repudiated and disavowed it. At the time of the execution of the note Schellenbeck represented that he and Snyder were partners and that the horses were to be used in the partner-

ship business. Appellant "relied upon these representations."

It will be noted that, under this statement of the facts, there was no express authority given by Snyder to execute the note. It does not appear that either the execution of the note or the purchase of the horses was necessary to the transaction of the firm's business, nor is it shown that the execution of such notes was usual in the dairy business generally, or customary in the conduct of that particular dairy. It does affirmatively appear that the firm derived no benefit whatever from the purchase. Under such circumstances the judgment cannot be sustained unless the law implies the authority to execute such paper from the existence of the partnership.

It is the law, as declared in Indiana, that one partner is liable for what the other does in the firm name within the general scope of the business of the partnership. *Todd* v. *Jackson*, 75 Ind. 272; *Jackson* v. *Todd*, 56 Ind. 406; *Graves* v. *Kellenberger*, 51 Ind. 66; *Bays* v. *Conner*, 105 Ind. 415.

By the general scope is meant not only the actual, but the apparent scope of the partnership. *Porter* v. *Wilson*, 113 Ind. 350; *Hoffman* v. *Toll*, 2 Ind. App. 287.

Before the plaintiff can have judgment upon a special verdict it is essential that every fact necessary to his recovery be contained in such verdict either by direct finding or necessary inference. *Becknell* v. *Hosier*, 10 Ind. App. 5.

To justify a recovery by the appellee over the plea of *non est factum*, he was required to establish that the giving of the note was within the general scope of the partnership business. *Graves* v. *Kellenberger, supra; Lucas* v. *Baldwin*, 97 Ind. 471; *Summerlot* v. *Hamilton*, 121 Ind. 87.

In determining whether or not the act is within the general scope of the partnership business, and therefore such as that the law implies the right to execute the paper, we must look to the character of the partnership. There is a marked distinction between the rules of law governing the members of trading or commercial partnerships and those of nontrading or noncommercial partnerships.

In the former class each partner is by law regarded as invested with authority from his co-partners to execute negotiable notes and bills of exchange in the firm name, the use of such paper having been established as appropriate under the law merchant. *Hedley* v. *Bainbridge*, 3 Ad. & E. (N. S.) 315; *Lee* v. *First Nat'l Bank*, 25 Pac. Rep. 196; *Friend* v. *Duryee*, 17 Fla. 111; *Hayden Milling Co.* v. *Lewis* (Ariz), 32 Pac. Rep. 263; *Sondheim* v. *Gilbert*, 117 Ind. 71. But, as is said by the supreme court of the United States, this doctrine is "generally limited to partnerships in trade and commerce, and does not apply to other partnerships unless it is the common custom or usage of such business to bind the firm by negotiable paper or it is necessary for the due transaction thereof." *Dowling* v. *Nat'l Ex. Bank*, 145 U. S. 512; Story Partnership, section 102a. Both the adjudged cases and the text-books generally sustain the same rule. *Hedley* v. *Bainbridge*, *supra; Garland* v. *Jacomb*, Law Rep., 8 Exch. 216; *Judge* v. *Braswell*, 13 Bush, 67; *Tanner* v. *Hyde* (Col.), 31 Pac. Rep. 344; *Walker* v. *Walker's Est.* (Vt.), 29 Atl. Rep. 146; *Lee* v. *First Nat'l Bank* (Kan.), *supra; Harris* v. *Mayor, etc.* (Md.), 20 Atl. Rep. 111; *Deardorf* v. *Thacher*, 78 Mo. 128; *Smith* v. *Sloan*, 37 Wis. 285; *Pease* v. *Cole*, 53 Conn. 53; *Ulery* v. *Ginrich*, 57 Ill. 531; *Levi* v. *Latham*, 15 Neb. 509; 1 Bates Part., sections 345, 352.

From these cases last cited, as well as from those referred to in our own state, we think the law to be that under the plea of *non est factum* the burden is upon the plaintiff to show the authority. This burden is sustained by the presumption of law when the partnership is a commercial one, but when it appears that the partnership is of the nontrading class then it devolves upon him to go further and show such additional facts as are necessary to establish the right, either directly by proof of express authority, or inferentially by proof of usage, custom, or necessity therefor.

In *Kimbro* v. *Bullitt*, 22 How. 256, it is said that "wherever the business, according to the usual mode of conducting it, imports, in its nature, the necessity of buying and selling, the firm is then properly regarded as a trading partnership."

By "buying and selling" in this connection we understand buying to re-sell. It is not sufficient to constitute a trading partnership that the firm should, in the course of its business, buy some articles, such as wagons, horses, feed, etc., not to sell again, but simply for use in its business.

Many kinds of partnerships have been adjudged nontrading. That most nearly analogous to this under consideration is farming. *Tanner* v. *Hyde* (Col.), *supra; Prince* v. *Crawford*, 50 Miss. 344; *Walker* v. *Walker's Est.* (Vt.), *supra; McCrary* v. *Slaughter*, 58 Ala. 230; *Greenslade* v. *Dower*, 7 Barn. and C., *634. That this was a nontrading partnership we have no doubt.

Many of the adjudged cases hold that in such partnership one member cannot be deemed to have authority to bind the others by a negotiable note, even though it be given for a debt of the firm. We are not required to and do not go so far, but we simply hold that under

the circumstances of this case there are no facts which establish an express authority or any necessity, usage, or custom justifying the use of the firm name, nor is the partnership such an one as that the law will imply the authority to so do.

We have given consideration to the cases cited by appellee, and do not find them sufficient to overthrow the principles and conclusion above announced. Many of them relate to purchases and not to the execution of negotiable paper.

Judgment reversed, with instructions to render judgment for the appellant, Snyder.

Filed November 1, 1895.