CHARLES H. WORSTER *vs.* GEORGE S. FORBUSH & another.

Suffolk. January 18, 1898. — June 22, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Partnership of Lawyers — Use of Firm Name — Promissory Note — Estoppel — Ratification.*

An attorney at law, who is a member of a partnership of lawyers, has no implied authority by reason of the partnership to borrow money on the credit of the partnership, or to sign or indorse a negotiable promissory note in the name of the partnership; and it is immaterial that the money borrowed by him is used to pay the regular and ordinary expenses of the partnership, or that the holder of the note is a *bona fide* purchaser for value before maturity; and an action by such holder against F., the partner who denies any knowledge of the making and indorsement of the note, and the authority of K., the copartner, to use the firm name in indorsing the note, cannot be maintained if there is no evidence that F. gave K. such authority, or that F. was estopped by his conduct from denying K.'s authority, or that he had ratified what K. had done.

CONTRACT, on a promissory note signed by the defendant, John W. Keith, dated December 13, 1895, for $116.33, payable one month after date to his own order, and indorsed by him in his own name and in the firm name of "Forbush & Keith."

At the trial in the Superior Court, before *Sheldon*, J., it appeared that Forbush and Keith were practising lawyers in the city of Boston, under the firm name of "Forbush & Keith," and that Keith indorsed the firm name of "Forbush & Keith" on the back of the note, which was given in renewal of another note, this other note being in renewal of a previous note; that all of the notes were identical; that for the original note Keith received ninety dollars from one Clarke, who also held the notes which renewed the original note; and that this money was used by Keith to pay office rent, constables' fees, and matters of that kind, incident to the business of the firm. There was evidence

that the defendant Forbush spent most of his time in New York City, and that from time to time he remitted moneys to Keith on account of office rent and firm expenses; but there was no evidence as to the state of accounts between Forbush and Keith and the firm. It further appeared that the plaintiff bought the note in suit from Clarke, a few days after its date, for a full and valuable consideration; that he was a *bona fide* holder for value before maturity and without notice, except that it did appear that the plaintiff knew that the defendants Forbush and Keith were practising lawyers, and did not know of their being engaged in any business other than the practice of law. And it also appeared that the firm of Forbush and Keith was engaged in no business other than the practice of law. At the trial, it appeared that the defendant Forbush knew nothing until after this action was brought about the giving of the note, or any notes of which it was in renewal.

The judge directed the jury to return a verdict for the defendant Forbush, who alone defended, and, with the consent of both parties, reported the case for the determination of this court. If the ruling was right, judgment was to be entered on the verdict; otherwise, judgment was to be entered for the plaintiff for the amount claimed in the declaration.

*C. F. Eldredge*, for the plaintiff.

*F. Paul*, for the defendant Forbush.

FIELD, C. J. An attorney at law who is a member of a partnership of lawyers has no implied authority by reason of the partnership to borrow money on the credit of the partnership, or to sign or indorse a negotiable promissory note in the name of the partnership; and it is immaterial that the money borrowed is used to pay the regular and ordinary expenses of the partnership, or that the holder of the note is a *bona fide* purchaser of the note for value before its maturity. The partnership of Forbush and Keith was not engaged in any other business than the practice of law. Any person taking a promissory note signed or indorsed in the name of a partnership by one partner, in order to hold the other partners, has the burden of proving that the partner who signed the name was authorized by the other partners to sign or indorse notes. Such authority is often to be inferred from the nature of the partnership busi-

ness.    In the present case there was no evidence of any express
or implied authority given by Forbush to Keith to sign the part-
nership name on the back of the note, unless authority can be
inferred from the fact that they were partners in the practice of
law.    That fact is not enough.    The nature of the business did
not require the giving of promissory notes by the partnership,
and there is no general custom or usage known to us for lawyers
in partnership to give or indorse notes in the name of the part-
nership.    There was no evidence to show that Forbush had held
Keith out as authorized to use the partnership name in signing
or indorsing promissory notes, or that Forbush was estopped by
his conduct from denying Keith's authority to do this, or that
he had ratified what Keith had done.    *Breckinridge* v. *Shrieve*,
4 Dana, 375, 378.    *Marsh* v. *Gold*, 2 Pick. 284.    *Pease* v. *Cole*,
53 Conn. 53.    *Benton* v. *Roberts*, 4 La. An. 216.    *Hedley* v.
*Bainbridge*, 3 Q. B. 316.    *Forster* v. *Mackreth*, L. R. 2 Ex. 163.
*Deardorf* v. *Thacher*, 78 Mo. 128.    *Bays* v. *Conner*, 105 Ind. 415.
*Smith* v. *Sloan*, 37 Wis. 285.

There must be judgment on the verdict for the defendant
Forbush.                                        *So ordered.*