CULBERTSON IRRIGATING & WATER POWER COMPANY v. FRANK OLANDER.

FILED MAY 18, 1897. No. 7300.

1. **Public Lands: HOMESTEAD ENTRY: TITLE OF ENTRYMAN.** A settler who has entered public lands under the provisions of the United States homestead law has from the date of such entry an inchoate title, which is in a legal sense property and subject to defeat only

by his failure to comply with the conditions imposed by the act
of congress.

2. ——: ——: ——: TRESPASS.   Such title will support an action
   by the settler for trespass committed after entry and before his
   right to a patent becomes absolute.

3. **Verdict**: SPECIAL FINDING: CONFLICT: REVIEW.   A general verdict
   will be set aside if in irreconcilable conflict with a special finding
   of fact material to the issues in the same case.

ERROR from the district court of Hitchcock county.
Tried below before WELTY, J.   *Reversed.*

*F. I. Foss, L. H. Blackledge,* and *W. R. Matson,* for plaint-
iff in error.

*William O. Woolman, contra.*

POST, C. J.

The defendant in error, Frank Olander, as plaintiff, in
the district court of Hitchcock county recovered judg-
ment against the Culbertson Irrigating & Water Power
Company on account of the unauthorized construction by
the latter of an irrigating ditch upon his, plaintiff's, land.
In this proceeding to review the judgment mentioned
we will first notice the contention that the plaintiff below
failed to show such a title to the land described as will
authorize him to recover for the alleged trespass.   It was
charged in the petition that the plaintiff therein entered
said premises as a homestead under the laws of the United
States in the month of October, 1888, and that he had
continued in possession thereof until the commence-
ment of the action, to-wit, October 17, 1892, and that
the defendant company, in the years 1891 and 1892,
without permission of the plaintiff and against his ex-
press command, dug and constructed the ditch afore-
said over and across said land, to his damage, etc.   The
aforesaid allegations, although put in issue by the an-
swer, were sustained by the undisputed evidence, and
disclose a title in the plaintiff below which entitles him
to recover for the wrongs complained of.   The actual

*bona fide* possession of land under a claim of right is such a title as will support an action for trespass against one not shown to be in privity with a better title. The rule thus stated was in *Keith v. Tilford*, 12 Neb., 271, applied to a pre-emptor of public lands after the time within which he was by law authorized to complete his purchase. In *Red River & L. W. R. Co. v. Strue*, 32 Minn., 95, it was held that a settler who has entered public lands of the United States, under the provisions of the homestead law, has from the date of such entry an inchoate title, which is, in a legal sense, property, subject to defeat only by his failure to comply with the conditions imposed by the act of congress, and that as against such title the defendant railroad company acquired no rights under the act of March 3, 1875, entitled "An act granting to railroads the right of way through the public lands of the United States." And in *Garner v. Chicago, St. P., M. & O. R. Co.*, 43 Minn., 375, the plaintiff, who had entered land under the "Timber Culture Act," was held entitled to recover for trespass committed during the term required to perfect his right to a patent. It was also held that his right of action was not affected by the subsequent surrender of his claim. The cases cited by plaintiff in error, with the exception of *Flint & P. M. R. Co. v. Gordon*, 41 Mich., 420, involve the rights of claimants of public lands as against the government, and are, accordingly, not in point. Of the case last mentioned it is sufficient that it is opposed to the doctrine asserted by this court in *Keith v. Tilford, supra*, with which we are, from a reexamination of the subject, entirely satisfied.

Exception was taken to the giving and refusing of certain instructions relating to the measure of damage, but which, in view of the special verdict rendered, do not require notice in this connection. In addition to the general verdict for the plaintiff below, in the sum of $200, the jury found as follows:

"1. Do you find from the evidence that the defendant wrongfully entered upon the lands in the possession of the plaintiff? Answer: Yes.    *    *    *

"4. If you find that plaintiff was damaged in his possession of said premises by the wrongful act of the defendant, what amount in dollars do you find was the value of such injury to the plaintiff's possession? Answer: $200.

"5. If you find an amount as the value of such injury to plaintiff's possession, what amount, if any, is included in said sum as compensation or pay for the land occupied by said ditch? Answer: None."

Aside from the value of the land actually taken, estimated at fourteen acres, worth $12.50 per acre, there was no proof whatever of substantial damage. There was, it is true, evidence tending to establish the foundation for special damage, but the effort was in every instance abandoned, voluntarily by the plaintiff, or upon the adverse ruling of the court, short of the actual proof of damage. It is to be regretted, on account of the obvious merit of defendant in error's claim, that the district court failed to direct a verdict in his favor for the value of so much of his land as was appropriated for the purpose of the ditch; but the jury having found specially against him as to the only issue upon which he was, upon the evidence, entitled to recover, it follows that such special finding will control the general verdict in his favor. It follows, too, that the judgment must be reversed and the cause remanded to the district court.

REVERSED.