## WILLIAMS vs LOVE.

### Opinion delivered January 14, 1898.

*Special Findings of Fact—Verdict.*

The jury after being out for some time announced that they were unable to agree upon a general verdict. The court then submitted to the jury certain questions of fact for them to answer at the request of the plaintiff. The jury thereupon answered the questions upon which answer and finding of facts, the court rendered judgment. *Held*, That under ? ? 5141, 5142 Mansfield's Digest that it was not error for the court to submit to the jury upon the request of the plaintiff, special questions of fact for their determination.

*Special Findings of Fact—Sufficiency.*

If the findings of fact by the jury are numerous and specific, enough to constitute a special verdict, and leave nothing for the court but to determine questions of law, they will be sufficient.

Appeal from the United States Court for the South-n District.

C. B. KILGORE, Judge.

Suit by Simon Love against S. L. Williams and othe[r]
Judgment for plaintiff. Defendant Williams appeals. A[f]
firmed.

On the 14th day of September, 1895, before t[h]
United States commissioner at Purcell, Indian Territor[y]
Simon Love, the appellee, hereinafter called the plainti[ff]
brought his action against S. L. Williams, the appella[nt]
called hereinafter defendant, and William Douglass, Sr., a[nd]
William Douglass, Jr., for labor performed and money [ex]
pended for them from October, 1892, to April, 1893. On t[he]
27th day of September, 1895, defendant Williams filed [his]
separate answer, specifically denying his indebtedness [to]
said Love in any sum of money whatever, denied ever e[m]
ploying said Love at any time to purchase and feed catt[le]
or authorized any one to so employ him; that he had [no]
interest in such cattle. Trial was had on September 27th
and judgment was rendered in favor of defendant Willia[ms]
for his costs. In due time plaintiff, Love, perfected [his]
appeal to the United States Court of the Indian Territory [at]
Purcell. Trial of the cause was had at the April, 1896, te[rm]
before a jury. The record, on page 6, states that the ju[ry]
having retired to deliberate, and the hour of adjournm[ent]
having arrived, returned into open court, stating that t[hey]
wanted further time, and the court (by agreement of coun[sel]
permitted them to separate over night, and the case [was]
continued until next day. At a subsequent part of the [re]
cord (page 14) it is stated that, after they had long consid[er]
ed their verdict, said jury returned into court, and annou[nc]
ed their inability to agree on a verdict, and asked to be [dis]
charged from the further consideration of the case, and t[hat]
thereupon counsel for Love prepared certain questions [for]
the jury to answer, and asked the court to submit them t[o be]
answered, and the court, over the objection of counsel [for]
defendant Williams, submitted the questions to the jury. [It]
is immaterial which of these statements is correct, as [it]

nceded that the instructions were asked and given. The urt gave the following instruction, as requested: "The ry are instructed that they are authorized to make a finding on each of the foregoing special issues submitted herein the nature of questions, by responding to each separately. ou will write your answers under each question. C. B. lgore, Judge." To which instruction defendant excepted. ter consideration thereof, the jury returned the following their findings of fact upon each of the questions submitted, as follows: "(1) Did the defendant Williams know of d agree to the employment of the plaintiff, Si Love? Ans. es. (2) Was the defendant Williams acting for himself, or s he acting as agent for Glazier? Ans. For Glazier. (3) Williams was acting as agent for Glazier, did he, or any e for him, inform the plaintiff, Love, that he was acting ly as agent? Ans. No. (4) How much, if anything, is due e plaintiff, Love? Ans. $146." All said answers being ned "J. S. Ewing, Foreman." And upon said answers, e court "ordered, adjudged, and decreed that the plaintiff, non Love, do have and recover from the defendant S. L. lliams the sum of $146, together with all costs in this be-lf expended; for which let execution issue." In due time fendant Williams filed his motion to set aside and vacate e judgment and to grant a new trial, which motion was erruled, aud exception thereto allowed. On the 9th day of y, 1896, said defendant filed his motion for an appeal, ich was granted, and defendant Williams was allowed 90 ys to prepare and file his bill of exceptions, and he brings d cause to this court for review of errors stated in the ord.

*Geo. M. Miller* and *C. F. Herbert*, for appellant.

1. The court erred in submitting the question to the y, because neither party had requested a special verdict,

and the jury unequivocally disagreed on a general verd
so that, any question submitted to them at such time and
such manner, could only call for a special finding; but a j
can be required by the court to return a special finding o
in any case in which they render a general verdict. Ma
fields Digest, § § 5142, 5143; L. R. & Ft. S. Ry. vs Miles.
Ark. 298; 50 Ark. 314; 52 Ark. 517; 2 Thompson on Tri
§ 2677; 28 A. & E. Enc. of Law, 380. If a special verdic
ambiguous or imperfect—if it find but the evidence of fa
and not the facts themselves, or finds but part of the fact
issue and is silent as to the other it is a mistrial, and
court of error must order a venire de novo. Graham
Bayne, 18 How. 267; Prentice vs Zane, 8 How. 482; 2 Tho
son on Trials § § 2668-2670, 2674, 2684. A special find
by the jury upon material questions of facts is not a spe
verdict. A special verdict can not be found where there
general verdict. The special findings of fact can be requi
only in case a general verdict is rendered. Pittsburg R.
vs Ruby, 38 Ind. 309; Miller vs Shackleford, 4 Dana (I
264; Carlin vs Donegan, 15 Kansas 153.

*D. B. Davidson, W. B. Johnson, A. C. Cruce* and
*Cruce*, for appellee.

SPRINGER, C. J. (after stating the facts.) The co
sel for appellant in this case contend that the court be
erred in submittiug the questions set forth in the statem
of this case to the jury, for the reasons, as alleged,
neither party had requested a special verdict, and the j
unequivocally disagreed on a general verdict, so that
questions submitted to them at such time and in such man
could only call for a special finding; that a jury can be
quired by the court to return a special finding only in a c
in which they render a general verdict. To support
contention, counsel for appellant cite sections 5142, 5143

nsfield's Digest, and certain cases reported in volumes 40, and 52, of the reports of the Supreme Court of the state Arkansas (see volumes 7 and 13 S. W.;) also Thomp. als, § 2677. In order to understand fully the law in re- d to special and general verdicts, it will be necessary to sider sections 5140–5143 of Mansfield's Digest. These ions are as follows:

"Sec. 5140. The verdict of a jury is either general or cial. A general verdict is that by which they pronounce erally upon all or any of the issues, either in favor of the ntiff or defendant.

"Sec. 5141. A special verdict is that by which the finds the facts only. It must present the facts as es- ished by the evidence, and not the evidence to prove n, and they must be so presented as that nothing remains he court but to draw from them conclusions of law.

,, Sec. 5142. In all actions the jury, in their descre- , may render a general or special verdict, but may be re- ed by the court, in any case in which they render a eral verdict, to find specially upon particular questions ct, to be stated in writing. This special finding is to be rded with the verdict.

"Sec. 5143. When the special finding of facts is in- istent with the general verdict, the former controls the r, and the court may give judgment accordingly."

From these sections it will appear that the verdict of ry may be either general or special. A general verdict efined by the statute to be that by which the jury pro- ce generally upon all or any of the issues, either in r of the plaintiff or defendant. A special verdict is de- to be that by which the jury finds the facts only, and tatute points out in section 5141 how this special ver- of finding the facts only must be presented. It will be

observed from reference to this section that the facts must
so presented as that nothing remains to the court but
draw from them conclusions of law. Then follows secti
5142, in which it is provided that a jury, in their discretic
may render a general or special verdict, but they may be
quired by the court, in any case in which they rende
general verdict, to find specially upon particular facts. Tl
special finding should be recorded with the verdict. T
reason for recording this special finding is explained in t
next section—5143—of Mansfield's Digest. When the s
cial finding of fact is inconsistent with the general verdi
the special finding controls. Counsel for appellant ign
the authority given in section 5141 to the jury to return
special verdict by which the jury finds the facts only.
the closing paragraph of appellant's brief, reference is ma
to section 1316 of Mansfield's Digest, which section is
follows: "Sec. 1316. When the facts in a special verd
are insufficiently found, the Supreme Court may remand
cause, and order another trial to ascertain the facts." 
converse of this proposition is that, when the facts i
special verdict are sufficiently found, the appellate co
would have no occasion to remand the cause for anot
trial. The section of Thompson on Trials, cited by cou
for appellant, is as follows: "Sec. 2677. Answers Wi
out General Verdict.—If the jury, either under instructi
or not, should return answers to the interrogatories with
returning a general verdict, they cannot be considered,
are a nullity, requiring a new trial to be granted, unless
findings of facts are numerous and explicit enough to 
stitute a special verdict." From this section it is appar

<span style="float:left">Findings of<br>Fact—Suffi-<br>ciency.</span> that if the findings of fact are numerous and explicit eno
to constitute a special verdict they will be sufficient. M
field's Digest has specially provided that the special ver
may be returned by the jury, and in a special verdict the j
finds the facts only. If such findings of fact by the j

ave nothing for the court but to determine questions of law, e verdict of the jury has accomplished everything that uld be accomplished by a jury trial.

Counsel for appellant have cited in support of their sition certain decisions of the Supreme Court of the state Arkansas. The first case cited is that of Railway Co. vs iles, 40 Ark. 298. In that case special issues were submitted to the jury, and, in addition to the general verdict for e plaintiff, findings upon these issues were returned into urt. There was, therefore, in that case, a general verdict, d special findings of fact, and, it appearing to the court at the special findings of fact were inconsistent with the neral verdict, they displaced the general verdict. That s all that was decided in the case, and it is founded upon e express letter of the statute, as will be seen by reference section 5143 of Mansfield's Digest. The next case cited to pport appellant's contention is that of Dyer vs Taylor, 50 k. 314, 7 S. W. 258. In that case the jury failed to agree on the questions of fact submitted to them, and returned eneral verdict in favor of the defendant. The court did t regard this as error, and the judgment was affirmed. e next case cited is that of Railway vs Canman, 52 Ark. 7, 13 S. W. 280. In that case the jury failed to agree up- the special interrogatories submitted to them, but found general verdict. Neither of these Arkansas cases is in int, nor controls. The court is of the opinion that the estions of fact submitted to the jury in the case at bar, on e request of the appellee, submitted to the jury all the ues of fact upon which it was the province of the jury to ss. When these facts were found by the jury, nothing nained for the trial court but to enter a judgment based n the findings of fact by the jury. The judgment of the rt below is therefore affirmed.

CLAYTON, THOMAS, and TOWNSEND, JJ., concur.