NORFOLK BEET-SUGAR COMPANY V. FREDERICK PREUNER.

FILED JUNE 23, 1898. No. 8165.

1. Special Finding: GENERAL VERDICT: INCONSISTENCY. A special finding controls a general verdict, and when inconsistent with the general verdict it is the duty of the court to render judgment accordingly.

2. ——: ——: ——: PERSONAL INJURY: NEGLIGENCE. Special findings in a personal injury case examined and found not to be inconsistent with one another, but to establish contributory negligence, and so to be inconsistent with a general verdict for plaintiff.

3. Master and Servant: RISKS OF EMPLOYMENT. Unless mental immaturity or infirmity is shown, a servant is charged with notice of dangers obvious to persons of ordinary intelligence and foresight, and cannot recover from his master because of injuries resulting therefrom, on the ground that he was inexperienced in the use of the machinery in which such danger existed, and was not warned thereof.

ERROR from the district court of Madison county. Tried below before ROBINSON, J. *Reversed.*

*Powers & Hays*, for plaintiff in error.

*E. F. Gray* and *George L. Whitham*, contra.

IRVINE, C.

Preuner sued the Norfolk Beet-Sugar Company to recover for personal injuries sustained while in its employ. The cause of action, briefly stated, was that he was inex-

perienced in the use of machinery, and that the defendant maintained in connection with its sugar factory a lime mill, in which was machinery defectively constructed in that a rapidly revolving pulley was connected with a shaft by means of a wedge and set screw so projecting that they were likely to engage the clothing of persons there working, and were set below the surface in a pit constructed for the purpose; that a leaking water pipe discharged its contents into the pit in such manner that it became necessary to bail out the water from the pit while the machinery was in motion. It was alleged that the plaintiff was directed to perform this work and, while so doing, his clothing was caught by the wedge, set screw, shaft, and pulley, and that he was thereby injured. The answer denied negligence on the part of defendant and alleged that the injury was caused by the negligence of plaintiff in attempting to remove the water without removing his coat as he had been instructed to do. The jury returned a general verdict for the plaintiff and also answered certain special interrogatories. The defendant moved for judgment on the special findings, notwithstanding the general verdict. The court overruled this motion and entered judgment on the general verdict. The defendant brings the case here, assigning as error the overruling of its motion.

Section 294 of the Code of Civil Procedure enacts that, "When the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly."

Following are the special findings:

"1. Was the accident caused by the plaintiff's coat or garments coming in contact with the revolving shaft near which he was working at the time? Yes.

"2. Was the danger of working near the revolving shaft described in evidence, as plaintiff was doing at the time the accident occurred, obvious to a person of ordinary intelligence and foresight? Yes.

"3. Was the plaintiff careless in working near the re-

46

volving shaft described in evidence without first removing his coat or protecting his garments from coming in contact with the shaft? Yes.

"6. Would the accident probably have been avoided had the plaintiff removed his coat before going near the shaft to work? Yes.

"7. Could the plaintiff have performed the work assigned to him, that of dipping water from the basin under the pulley mentioned in evidence, without exposing his person to danger from the shaft, by standing upon and performing said work on the south side of said shaft? Yes.

"8. Was the plaintiff careless in attempting to perform said work by leaning over and placing his person in close proximity to the revolving shaft while dipping said water from under the moving pulley? In answering this question you may take into consideration the plaintiff's experience or lack of experience with moving machinery, and any directions or instructions which may have been given plaintiff by his foreman as to the manner in which said work should be performed. No."

These findings seem on first reading to be inconsistent, and we were at first of the opinion that they were incomplete, so that the judgment on the general verdict was proper. On a closer analysis we are convinced that they are not inconsistent with one another, but that they establish contributory negligence and therefore demand a judgment for defendant.

The first finding establishes as the cause of the accident plaintiff's coat or garments coming in contact with the shaft, the second that the danger was obvious, the third that the plaintiff was careless in working near the shaft without removing his coat or protecting his garments. Negligence is the failure to exercise such care as the circumstances require. Therefore the third finding, while using the word "careless," is equivalent to a finding that the plaintiff was in the particular mentioned negligent. It follows that these three findings establish

contributory negligence and control the judgment unless they are inconsistent with those which follow. There are no findings numbered four or five, and from the clerk's certificate it appears there were none. The sixth is that the accident probably would have been avoided had the plaintiff removed his coat. This alone would not complement the third, because, to prevent a recovery, the plaintiff's negligence must have contributed to the injury. It is not enough that it may probably have done so. But this must be taken with the first and they are not inconsistent. The first finds absolutely that the accident was actually caused by plaintiff's coat or garments coming in contact with the machinery, the sixth that it would probably have been avoided by his removing his coat. The first could not be correct unless the sixth was so. The sixth must be correct if the first was so. As found they were not inconsistent, the sixth was an understatement of the first and was included within it. The seventh relates to plaintiff's ability to perform the work by occupying another position. It has no reference to the particular negligence found by the third instruction. The eighth interrogatory proposed to the jury the question of plaintiff's negligence in attempting to perform the work by leaning over and placing his person in close proximity to the revolving shaft. It had no reference to his doing so with his coat on. Taking the findings together they are that plaintiff might have taken another position and by so doing not exposed himself to danger; that he was not, however, negligent in taking the position he in fact assumed, but that in doing so without removing his coat or protecting his garments from contact with the shaft he was negligent, and that such negligence caused the injury.

It is argued that in the last finding is incorporated a direction to consider the inexperience of plaintiff and the instructions given him, and that such direction with regard to that question impliedly excluded such considerations from the answers to other questions; that therefore

the element of plaintiff's inexperience is not covered by the other findings and they for that reason do not warrant a judgment. In the record we have neither the evidence nor the charge to the jury, so we cannot say upon what state of facts or what rules of law the interrogatories were based, but we have in the answer to the second interrogatory a distinct finding that the danger was obvious to a person of ordinary intelligence and foresight. There is in the petition no allegation of youth or mental infirmity to relieve plaintiff from the duty of exercising that degree of intelligence and foresight. The danger being so obvious, he was charged with knowledge thereof although he may not have been experienced in the use of machinery and may not have been warned of the danger.

The judgment must be reversed and the cause remanded with directions to enter judgment on the special findings.

REVERSED AND REMANDED.