JAMES C. STORY, APPELLEE, v. FRANK SRAMEK, APPELLANT.

FILED APRIL 19, 1922. No. 22078.

Trial: SPECIAL FINDINGS: POWER OF COURT. "When the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly." Rev. St. 1913, sec. 7859. However, where the jury have been discharged and the special finding is inconsistent with the general verdict, it is error for the court to vacate and set aside the special finding and enter judgment upon the general verdict.

APPEAL from the district court for Hitchcock county: CHARLES E. ELDRED, JUDGE. Reversed.

Walter D. James and Lambe & Butler, for appellant.

J. F. Ratcliffe and Stewart, Perry & Stewart, contra.

Heard before MORRISSEY, C. J., LETTON, ALDRICH and FLANSBURG, JJ.

ALDRICH, J.

In this cause of action, which is one at law, defendant is

Story v. Sramek.

alleged to have agreed to put plaintiff in possession of cer-
tain real estate and the growing crops thereon on March 1,
1919. Defendant is alleged to have failed to keep the
terms of said contract on his part. Plaintiff brings this
action to recover damages for the breach thereof. The jury
in its consideration of this matter brought in a verdict for
the plaintiff in the sum of $1,240.86. The court submitted
two interrogatories, which were answered by the jury as
follows: (1) What do you find was the value on March
1, 1919, of the crop of wheat on the land? Answer, $900.
(2) What do you find was the value of possession of the
land on March 1, 1919, without the wheat? Answer, noth-
ing. Thereupon the plaintiff moved the court to vacate
and set aside the special findings. This motion the court
sustained. The defendant's motion for a new trial was
overruled and judgment was entered on the general verdict
for $1,240.86, and from this judgment appeal is taken.

Now the question is: Did the court commit reversible
error when it set aside these special interrogatories and
entered judgment on the general verdict? This presents
a fairly easy question for our consideration.

An examination of section 7859, Rev. St. 1919, shows
that what the court did in this matter in sustaining the
motion of plaintiff is diametrically opposed to the pro-
visions of the statute. That action of itself entitles de-
fendant to a new trial. This theory of the case is upheld
in the case of *Culbertson Irrigating & Water Power Co. v.
Olander,* 51 Neb. 539. The third paragraph of the syllabus
meets the law question precisely as we have it in the in-
stant case and is decisive of the situation here. It does
not matter what citations there are on this point, they do
not or cannot overrule the section of the statute which was
enacted to afford relief for this situation when it would
arise in the course of litigation, and it is this section of
the statute which is decisive of this case under the facts.
The plain remedy in this case, in our opinion, when such
an inconsistency between the general verdict and the spe-
cial findings exists, is to grant a new trial. The issue in

this case is: Can. a trial court vacate special findings of
the jury and then enter up judgment upon the general ver-
dict? This is what led the court to commit reversible
error. *Stevens v. City of Logansport*, 76 Ind. 498. That
case was cited with approval in *Kafka v. Union Stock
Yards Co.*, 78 Neb. 140. These cases are entirely consistent
with the provisions of the statute.

Under the facts and evidence as submitted, we must re-
verse this case and remand it for further disposition, for
the reason that the court accepted a verdict brought about
by violation of the provisions of section 7859, Rev. St. 1913.

REVERSED AND REMANDED.