# CASES DETERMINED

# August Term, 1924.

HOTEL WISCONSIN REALTY COMPANY, Appellant, vs. PHILLIP GROSS REALTY COMPANY, Respondent.

*March 13—October 14, 1924.*

*Landlord and tenant: Use of leased premises: Erection of bridge over adjoining public alley: Permit of municipality: Covenants in lease: Consent of lessor.*

1. The lessee of a hotel has the right to make such use of a public alley adjoining the hotel as will in no wise interfere with the public easement or burden the leasehold in excess of the conditions of the lease. p. 391.

2. A municipality may grant a permit to erect a structure over an alley if it does not unreasonably obstruct the public use, subject to its option to revoke the permit or abate the structure at any time, upon ten days' notice, as provided in sub. (1), sec. 66.05, and sec. 80.47, Stats. p. 391.

3. The lessee, which had covenanted not to change or improve contiguous alleys or to request the municipal authorities to take action with respect thereto, or with respect to adjoining buildings, without securing the lessor's signature, was bound to secure his signature to a petition for permission to erect a bridge across an alley between the hotel and the building opposite. p. 392.

4. The complaint, in an action by the lessee to restrain the lessor during the term of the lease from claiming any right or title in an adjacent alley, or asserting a breach of the lease by reason of the lessee building a bridge over the alley, which failed to allege compliance with the lease, in that the lessor did not sign a petition for permission to erect the bridge, does not state a cause of action. p. 392.

ROSENBERRY, J., VINJE, C. J., and ESCHWEILER, J., dissent.

APPEAL from an order of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

This appeal is from an order sustaining a demurrer to the complaint of the plaintiff.

For the appellant there was a brief by *Fish, Marshutz & Hoffman* and *Samuel L. Field,* attorneys, and *Irving A. Fish,* of counsel, all of Milwaukee, and oral argument by *Irving A. Fish.*

For the respondent there was a brief by *N. L. Baker* and *W. J. Zimmers,* both of Milwaukee, and oral argument by *Mr. Baker.*

The following opinion was filed May 6, 1924:

CROWNHART, J. This is an action in the nature of *quia timet* to restrain the defendant during the term of a certain lease from claiming or asserting any right, title, or interest in the alley adjacent to the leased premises, or from asserting in any way that the use of said alley by the plaintiff in any manner not inconsistent with the public easement is a breach of the lease.

The plaintiff, a corporation, according to the complaint, is the assignee of a certain ninety-nine year lease executed by the defendant as lessor of certain premises in the city of Milwaukee, described as the north forty feet of lot 10 in block 60 in the Fourth ward of the city of Milwaukee, Milwaukee county, Wisconsin, in the plat of the town of Milwaukee on the west side of the river, in the northeast quarter of section 29, town 7 north, range 22 east.

It is alleged that the north forty feet of said lot 10 in block 60 abuts upon the street now called Third street in the city of Milwaukee upon the west; upon an alley running easterly from Third street upon the north; and upon an alley running parallel with Third street upon the east; and that the lands so described included the title in fee to the center of Third street abutting on said lot 10, to the center

of the alley on the north of said lot 10, and to the center of the alley on the east of said lot 10.

The lease to said premises contained the following clauses:

"That the said party of the first part as lessor, in consideration of the rents hereinafter reserved and of the covenants and agreements herein contained on the part of the party of the second part as lessee, to be kept, performed, and fulfilled, has demised and leased, and by these presents does hereby demise and lease unto the said lessee, and the said lessee does hereby rent and take as lessee the entire right, title, and interest either at law or in equity, either in possession or in expectancy, either as legal or equitable owner or holder, in and to" the premises above described. . . .

"To have and to hold the above described premises with all rights, privileges, easements, appurtenances, buildings, and improvements thereto attaching, pertaining, or belonging unto the said lessee for the term of ninety-eight years and five months, commencing on the 1st day of March, 1913, and ending at the close of the 31st day of July, 2011, unless said demised term shall be sooner terminated as hereinafter provided."

Also the following:

"And that said lessee will save said lessor harmless from all claims by the city of Milwaukee, or any other public authority, for compensation or damages by reason of use or occupation of or intrusion upon any street or alley, or part thereof, adjoining said demised premises by said lessee or any one occupying said demised premises under said lessee or in connection with any building now situated or hereafter to be situated upon said demised premises."

It was further provided in the lease that—

"No petition for the change or improvement of the streets, alleys, or sidewalks contiguous to the demised premises, or requesting the municipal authorities to take any action or to do anything with respect thereto, or with respect to any adjoining buildings or property, shall be presented without the signature thereto of the lessor jointly with the lessee."

The lease also provided, in case of any breach of the covenants thereof by the lessee, that the lessor might, on notice, after sixty days, declare said lease forfeited.

The plaintiff owns a million-dollar hotel on the leased premises. It has acquired a piece of land directly north of its hotel on the opposite side of the alley for the purpose of erecting thereon a building to be utilized for hotel rooms in connection with its present hotel. It is alleged that, in order to utilize the same in connection with the hotel, it is necessary for the plaintiff to bridge over the said public alley, and that the construction proposed will not interfere with the public easement. The plaintiff petitioned the common council, without joinder or consent of defendant, for a permit to erect said structure, which permit was granted. Thereupon it claims that the defendant gave notice to plaintiff that unless such petition was withdrawn the defendant would forfeit the lease. The plaintiff thereupon withdrew said petition and abandoned its permit.

The plaintiff alleges that the defendant demands a large sum as an additional rental for the erection and use of said bridge, and threatens that unless the plaintiff will pay such additional rent it will forfeit the lease in case of the erection of said proposed bridge without lessor's consent.

The court will endeavor to construe the various provisions of the lease in harmony with each other and to give each provision effect according to the evident intent of the parties.

Undoubtedly the plaintiff has the right to make such use of the alley adjoining the premises as will in no wise interfere with the public easement or burden the leasehold in excess of the conditions of the lease. Also the city council of Milwaukee had power to grant a permit to the plaintiff to erect a structure over the alley, if the same would not unreasonably obstruct the public use of the alley, such permit, however, to be revocable, and any such structure liable to be abated at the option of the city at any time, upon ten

days' notice.   Sub. (1), sec. 66.05, Stats. 1923; sec. 80.47, Stats. 1923.

Such a change in the alley as the building of a structure over the alley, connecting an adjoining building on the north, would seem clearly to come within the restrictive clause heretofore quoted.   The plaintiff was therefore required to secure defendant's signature to the petition.   That seems to be the plain intent of the language of the clause. This it did not do, and the defendant objected to the proposed structure, as it had a right to do under its lease.

This is an action in equity, and the plaintiff must show that it has complied with the requirement of the lease before it may hale the defendant into court demanding equitable relief.   This it has not done.

Failing to allege that it complied with this provision of the lease as a condition precedent to petition by plaintiff to the common council, the complaint fails to state a cause of action.

*By the Court.*—The order of the circuit court sustaining the demurrer to the complaint is affirmed.

The following opinion was filed May 20, 1924:

ROSENBERRY, J. (*dissenting*).   This case is here upon a demurrer to the plaintiff's complaint.   The lease contained the usual clause found in leases for ninety-nine years, under and by virtue of which the lessor reserved the right to terminate the lease and forfeit the rights of the lessee therein in case the lessee should breach any of the covenants contained in the lease.   The complaint alleges that the lessee made application to the common council of the city of Milwaukee for permission to construct over an alley a passageway connecting its hotel, situated upon the south side of the alley, with a building proposed to be erected upon the north side of the alley.   Thereupon the lessor served a notice of

forfeiture pursuant to the terms of the lease, whereupon the lessee (the plaintiff) withdrew its application.   It appears from the allegations of the complaint that the lessor is not unwilling to join in the petition to the common council or to have the structure erected, but demands as a consideration therefor a large additional rent over and above that stipulated in the lease.   In this situation the plaintiff lessee invokes the aid of a court of equity to prevent a forfeiture of its rights under the lease.

The question is whether or not the erection of the proposed structure constitutes a change or improvement of the alley within the meaning of the clause which provides:

"No petition for the change or improvement of the streets, alleys, or sidewalks contiguous to the demised premises, or requesting the municipal authorities to take any action or to do anything with respect thereto, or with respect to any adjoining buildings or property, shall be presented without the signature thereto of the lessor jointly with the lessee."

It is quite apparent that it was not the intent of the parties to the lease that both the lessor and the lessee should join in all applications made to the municipal officers, as, for instance, connecting with the city waterworks system, with the sewage system, to construct canopies, secure building permits, or other matters of like nature, as these would not relate to any change or improvement in the alley. Neither is the building in question an adjoining building. It no more adjoins the premises upon which the proposed structure is to be erected than it would if separated by a sixty-foot street.   An alley is a public street.   *Johnston v. Lonstorf*, 128 Wis. 17, 107 N. W. 459; *J. Burton Co. v. Chicago*, 236 Ill. 383, 86 N. E. 93, 15 Am. & Eng. Ann. Cases, 965, and note.

The erection of a passageway from the building owned by the lessee upon the leased premises over the alley with

the permission of the municipal authorities does not in my view of the case amount to a change or improvement in the alley.   The obvious purpose of the clause is to prevent the lessee from charging the fee with liens and easements; and while under the law of this state the owner is required to procure the consent of the municipal authorities to the erection of such a structure over a street or alley, it produces no change or improvement in the alley.   While the opinion of the court says that "the building of the passageway is a change in the alley," it is not pointed out how nor in what respect the alley is changed.   The lessee under a lease is intended to be vested with the full use and right to the property during the time for which it is given, and the fact that under sec. 2197a, Stats., leases for a term of more than fifty years are placed in a class by themselves, and lessees enjoy under the terms of that statute rights not enjoyed by lessees for a lesser term, strengthens rather than weakens the argument that the lessee is entitled to a full and unrestricted enjoyment of the premises.   Here the lessor, according to the allegations of the complaint, is endeavoring to use the terms of the lease, not to protect any interest of his, but as a weapon of extortion and oppression and to prevent the lessee from securing that use of the premises which the lessor has contracted to give him.   The plaintiff is, in my opinion, entitled upon the facts set out in the complaint to the relief prayed for, and the demurrer should have been overruled.

I am authorized to state that Mr. Chief Justice VINJE and Mr. Justice ESCHWEILER concur in this opinion.

The following opinion was filed October 14, 1924:

PER CURIAM.   The appellant moves this court for a rehearing, claiming the decision holds that appellant has no right under its lease to make changes in the structure on the leased premises authorized by the lease.   The opinion

should not be so read or understood. It deals with the restrictive clause in the lease with reference to changes on petition to the common council, and nothing else.

The motion for a rehearing is denied, without costs.