PAUL W. KARR, APPELLEE, V. CURTIS L. BROWN, APPELLANT.

FILED OCTOBER 20, 1924. No. 22898.

Trial: SPECIAL FINDINGS. When a general verdict is inconsistent with special findings of the jury, the latter will control, unless manifestly wrong.

APPEAL from the district court for Nemaha county: JOHN B. RAPER, JUDGE. *Affirmed on condition.*

*Lambert & Hawxby,* for appellant.

*Ernest F. Armstrong, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, GOOD and THOMPSON, JJ.

GOOD, J.

This is an action to recover a balance due for the purchase price of a half interest in the merchandise business of K. E. Young & Company, hereinafter referred to as the company. Defendant admits the purchase of a half interest in the business, except that he avers that certain bills receivable of the company, of doubtful value, were not included in the transaction, and that he had, by assuming and paying one-half of certain bills payable of the company and cash payments, fully paid the agreed purchase price. The trial resulted in a verdict and judgment thereon for plaintiff in the sum of $422.04. Defendant appeals.

It appears from the record that in December, 1919, Paul

W. Karr and K. E. Young were equal partners in the mer-
chandise business at Brownville, Nebraska, under the name
of K. E. Young & Company. On the 12th day of December,
1919, a memorandum agreement was signed by Karr,
Young and defendant Brown, wherein the latter agreed
to purchase a one-half interest in the stock of merchandise
and fixtures of the company. While the memorandum
agreement would indicate that the company was selling
a half interest to Brown, it is conceded by both parties that
Karr, in fact, was selling his half interest to Brown, and
that the payments to be made by Brown were to go to
Karr. The memorandum provided for an invoice and the
time and method of its taking. Plaintiff contends that de-
fendant purchased a half interest in all of the assets of the
company, including stock, fixtures, bills receivable and
cash in bank to the credit of the company, and that he as-
sumed and agreed to pay one-half of all the liabilities of
the company. Defendant admits that he purchased a half
interest in the stock, fixtures and cash in bank, and
claims that he purchased a half interest in the bills receiv-
able to the amount of $1,306.71, and that certain other
bills receivable, aggregating about $700, which were not
considered good, were excluded from consideration. He ad-
mits that he assumed and agreed to pay, and alleges that
he has paid, one-half of certain itemized liabilities. The
following items only are in dispute: Defendant insists that
he did not agree to pay any part of the account of Andrews
for drayage, amounting to $260, nor a rent item of $12, and
a note, held by plaintiff and signed by K. E. Young, amount-
ing to $736.84.

A number of special interrogatories were submitted to
the jury, and they found specially that defendant Brown
agreed to purchase one-half interest in the bills receivable,
to the amount of $1,306.71, and no more, and also found
that he did not assume and agree to pay one-half of all
liabilities; that he did not assume and agree to pay one-
half of the Andrews drayage account of $260; nor as-
sume and agree to pay one-half of the rent item of $12;

but that he did assume and agree to pay one-half of the note, held by plaintiff, amounting to $736.84. Plaintiff took no exception to any of the special findings, filed no motion for a new trial, nor has he filed a cross-appeal in this court. The special findings of the jury, based on conflicting evidence, are therefore conclusively presumed to be correct. The facts admitted by both parties and as established by the special findings of the jury disclose the following situation:

Items in which defendant purchased a half interest.

| | |
|---|---|
| Invoice of merchandise | $13,202.80 |
| Fixtures | 1,498.00 |
| Accounts receivable | 1,306.71 |
| Cash in bank | 261.00 |

| | |
|---|---|
| Total | $16,268.51 |

One-half of this amount for which defendant became liable to plaintiff....$8,134.25

Items, one-half of which assumed and paid by defendant.

| | |
|---|---|
| Note to First National Bank, Omaha | $ 4,000.00 |
| Note to Brownville State Bank | 2,500.00 |
| Accounts due wholesale houses for merchandise | 4,474.04 |

| | |
|---|---|
| Total | $10,974.04 |

One-half of this amount ....$5,487.02

Balance due from defendant to plaintiff....$2,647.23

It is obvious that the payment by defendant to plaintiff of this amount would fully discharge his obligation on the contract of purchase and would operate as a payment of one-half of the note for $736.84, held by plaintiff, and one-half of which was assumed by defendant. It is conceded that defendant has paid in cash and other items accepted as cash $2,584.40. This would leave still due a balance of $62.83, on which plaintiff was entitled to interest from January 22, 1920, to the date of the verdict,

February 18, 1922, at the rate of 7 per cent. per annum. This item of interest would be $9.13, which would make the total amount, for which plaintiff was entitled to a verdict, $71.96.

While the general verdict was $422.04, the special findings show that it should have been $71.96. When a general verdict is inconsistent with special findings of the jury, the latter will control, unless manifestly wrong. *Walker v. McCabe,* 110 Neb. 398; *Norfolk Beet-Sugar Co. v. Preuner,* 55 Neb. 656; *Story v. Sramek,* 108 Neb. 440; *Johnston v. Milwaukee & Wyoming Investment Co.,* 49 Neb. 68. It follows that the verdict is excessive and erroneous to the extent of $350.08.

If within 20 days plaintiff will remit from his judgment, as of its date, the sum of $350.08, the judgment of the district court will be affirmed; otherwise, reversed and the cause remanded for a new trial.

AFFIRMED ON CONDITION.

Note—See Trial, 38 Cyc. p. 1927.