In re Estate of George.
W. O. Collett et al., Appellants, v. Jennie George
Frederiksen et al., Appellees.

Filed March 9, 1945. No. 31720.

Heard before Simmons, C. J., Paine, Carter, Messmore, Yeager, Chappell and Wenke, JJ.

Wenke, J.

Motion for rehearing denied, supplemental opinion filed December 1, 1944, withdrawn and the following supplemental opinion filed:

On re-examination of the record in this case on motions for rehearing no reasons appear for a departure from the conclusions arrived at in the original opinion, reported *ante,* p. 887, 15 N. W. 2d 80, except that the paragraph remanding the case for retrial solely on the question of undue influence should be modified.

With regard to the issue of testamentary capacity the following appears in the body of the opinion: "We deem the evidence sufficient to disclose that the testator possessed testamentary capacity to make the will and codicils thereto." This statement is sustained by the record but it may tend to imply that in the circumstances it was a function of this court to weigh the evidence on this issue. The only function of this court was to ascertain whether or not there was sufficient evidence adduced by the contestants to overcome the presumption flowing from the *prima facie* showing of the proponents that the testator was competent to

make a will. See *In re Estate of Witte,* decided November 3, 1944, 16 N. W. 2d 203.

Accordingly this portion of the opinion is withdrawn and the following shall be considered as a substitute statement therefor: We conclude that the evidence of contestants was insufficient upon which to justify a submission of the issue of testamentary capacity of the testator to a jury. There was no evidence to support a verdict finding a lack of testamentary capacity.

By the pleadings the contestants raised two issues: (1) Lack of testamentary capacity; and (2) undue influence. Both issues were submitted to the jury and a general verdict returned finding that it was not the will and codicils thereto of Fred George and that they should be denied admission to probate. From this verdict and judgment thereon the proponents appealed and it is this verdict and judgment thereon which our opinion vacates and sets aside. Our reversal, however, limits the question on retrial to undue influence.

With reference to our authority on vacating and setting aside a verdict and ordering a retrial of the case, we held in *Cerny v. Paxton & Gallagher Co.,* 83 Neb. 88, 119 N. W. 14: " * * * the practice has been to regard the setting aside of a general verdict by a jury as necessitating a re-examination of all the questions submitted to the jury in the trial which resulted in such verdict. * * * When a case brought to this court is sought to be reversed for any of the errors which are specified in section 314 of the code (now section 25-1142, R. S. 1943) as ground for a new trial, the making of a motion in the district court for such new trial in the time and manner required by the statute is an essential prerequisite to the right of the party appealing to have such error considered in this court. In such cases the appeal is in effect an appeal from the order refusing a new trial. Under section 594 of the code (now section 25-1926, R. S. 1943) which provides that, when a judgment or final order shall be reversed either in whole or in part in the supreme court, the court reversing the same shall proceed to render

such judgment as the court below should have rendered, or remand the cause to the court below for such judgment, it logically follows that, since, when a cause is reversed for any of the errors specified in section 314 (section 25-1142, R. S. 1943), the court below should have rendered a judgment awarding a new trial, it is the duty of this court to either render the judgment granting a new trial, or remand the cause to the court below for such judgment." This is stated in *Winterson v. Pantel Realty Co.*, 135 Neb. 472, 282 N. W. 393, as follows: " 'If the trial court is of the opinion that it erred in submitting the case to a jury and should have directed a verdict for the defendant because of the insufficiency of plaintiff's evidence to make a case, the proper remedy is to grant a new trial.' *Barge v. Haslam,* 65 Neb. 656, 91 N. W. 528."

In this case where the jury returned a general verdict, under the provisions of section 25-1926, R. S. 1943, we can do no more.

Upon retrial, if the proponents make a *prima facie* case as to testator's testamentary capacity and the evidence of contestants again proves to be insufficient upon which to justify a submission of that issue, the court should not submit it to the jury but should direct a verdict thereon for the proponents.

Therefore, in accordance with the supplemental opinion in *In re Estate of Witte,* decided February 2, 1945, 17 N. W. 2d 477, we withdraw from the opinion the last paragraph and substitute therefor the following: For the reasons given in this opinion, the cause is reversed and remanded for retrial.

With this supplement to the original opinion the motion for rehearing is denied and the original opinion adhered to as modified.

ORIGINAL OPINION ADHERED TO AS MODIFIED.

MESSMORE, J., dissenting.

With due consideration and respect for the supplemental opinion adopted by the majority, I am unable to concur therein because I believe the majority have unintentionally

misconceived the issue determinative of testamentary capacity in this case. As a consequence I believe this is a case where a dissent is of some value.

The following, labeled interrogatory, was propounded to the jury: "Do you find from a preponderance of the evidence that at the time of executing his last will and testament, Exhibit No. 1, and at the time of executing the Codicil thereto, Exhibit No. 2, and at the time of executing the codicil thereto, Exhibit No. 3, the said Fred George possessed testamentary capacity?" The answer was "Yes." In addition thereto a second interrogatory was propounded to the jury as to whether or not the testator had been unduly influenced in the making of the will and codicils thereto. The answer was "Yes." The foregoing interrogatories were sent together with the general verdict. The jury returned the general verdict setting aside the will and the codicils thereto. It is clear that the jury felt that undue influence was exerted upon the testator in the making of the will and the two codicils and returned their verdict accordingly. This brings us to what the court chose to label a special interrogatory dealing with testamentary capacity.

Before going farther, I might state that the matter which is under discussion now was not before us in its present form, nor was it adequately briefed.

The issue of special interrogatories, special findings and special verdict is not definitely clear. The text writers and judges of the various courts consider all such matters as constituting a fog, built over not years but centuries, and through which it is difficult to see the light.

Section 25-1120, R. S. 1943, provides: "Special verdict; controls general verdict. When the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly."

It will be noted in analyzing this section that a special finding of fact is, in fact, a special verdict, at least in the mind of the annotator. The section speaks for itself, having in mind the significance of its caption "special verdict" and in the body of the section "special finding." Following

the foregoing section is section 25-1121, R. S. 1943. It reads as follows:

"In every action for the recovery of money only, or specific real property, the jury, in their discretion, may render a general or special verdict." This part of the statute does not apply to the instant case. The following part is applicable: "In all other cases the court may direct the jury to find a special verdict, in writing, upon all or any of the issues; * * * ." The phrase "upon all or any of the issues" is significant. Such indicates, to my mind, the two issues involved in this case, "testamentary capacity" and "undue influence." The form of the interrogatory will be remembered; also it will be remembered that all of the evidence pertaining to the question of testamentary capacity, as well as the instructions on the subject, were before the jury. To continue with the statute: " * * * and in all cases may instruct them, if they render a general verdict, to find upon particular questions of fact to be stated in writing, and may direct a written finding thereon." The jury made a written finding on testamentary capacity.

Section 25-1122, R. S. 1943, defines "special verdict" in the following language: " * * * A special verdict is that by which the jury finds the facts only. It must present the facts as established by the evidence, and not the evidence to prove them; and they must be so presented that nothing remains to the court but to draw from them conclusions of law." In connection with this Nebraska definition of a special verdict, referring to the interrogatory, or what you may choose to call it, it fits quite snugly into this definition, because the jury had the benefit of all the evidence, none of which was recited in the instrument propounded to them. They had the benefit of instructions upon the subject of testamentary capacity. They found by a preponderance of the evidence that Fred George possessed testamentary capacity. What then would be the function of the court under the definition? Nothing remains to the court but to draw a conclusion of law. The conclusion of law to be drawn from the inquiry answered by the jury is that Fred George met

all the legal requirements on testamentary capacity to make the will and codicils. So much for the statute.

Getting into the question of the distinction generally, over different jurisdictions, between special interrogatories, special findings and special verdicts as I previously pointed out; in addition I will say that there are hundreds of cases, and an examination of all of them would take unlimited time. So in the preparation of this dissent I will discern as best I can what I believe might be advantageous.

In Clementson, Special Verdicts (here again I desire to point out special findings, special interrogatories and special verdicts are in many instances in the decisions cited in this text analogous), I call attention to certain language appearing on page 44: "It is necessary for the practitioner to bear in mind the distinction between special verdicts and findings in response to special interrogatories. They are not the same thing, though they to some extent subserve the same purpose and are in pari materia." The general principle applicable to the case appears in the Illinois case of *Chicago & N. W. Ry. Co. v. Dunleavy*, 129 Ill. 132, 22 N. E. 15, and the subject matter is treated as *in pari materia*. The text continues: "The ideas of the profession upon this distinction, and upon matters generally connected with special verdicts and findings, are apparently confused, and it must be admitted that the decisions, to which we are wont to go for assistance, in many instances do little to dissipate, if they do not actually thicken, the fog." So the matter must be determined and treated from the basis of the statute of the state where it is sought to give effect to the special finding or special verdict. Otherwise, there will be little help. On page 45 of the text it is said: "In a way, any response by a jury to a question which seeks to uncover the jury's view of the weight of the evidence, and the jurors' opinions as to the existence or nonexistence of a fact or facts, is a 'special verdict.' It is special inasmuch as it is not the usual form. So, too, any return the jury may make which departs from the ordinary formulæ may be said to be a 'special verdict.' In strictness, however, by a special

verdict the jury, instead of finding for either party, find and state all the facts at issue, and conclude conditionally that if, upon the whole matter, the court should be of the opinion that the plaintiff has good cause of action, they find for the plaintiff, * * * ." Special findings are designed to explain and test the general verdict. It depends solely upon the instrument because generally special findings embrace answers to one or more questions pertinent to but not necessarily covering any of the issues. They are never required except when a general verdict is returned. A special interrogatory is an exploratory effort by which the court determines from the jury's answers whether or not the general verdict is sound and in place and the proper treatment accorded it. In Clementson, Special Verdicts, p. 170, it is further said: "A special verdict is where the jury find the facts only, and leave the questions of law arising on them to the court. Where the jury respond affirmatively or negatively to the issues submitted to them, it is a general verdict, although there be several issues. When they state the facts, and leave the court to apply the law arising from them, it is a special verdict. A general verdict is a finding in favor of one of the parties to an action; a special verdict finds the facts, but is not in favor of either party until the court declares the law arising thereon. The special verdict reiterates all the facts alleged which are sustained by the proofs, and these facts must be sufficiently numerous and explicit to leave nothing for the court to do but determine questions of law." See *Williams v. Love,* 1 Ind. T. 585, 43 S. W. 856.

In keeping with the foregoing are California, Connecticut, Indiana, New York, Utah, Washington, Wisconsin and federal cases. In Nebraska, together with Arkansas, California, Colorado, Idaho, Indiana, Iowa, Kansas, Minnesota, Missouri, Montana, New York, North Carolina, Oklahoma, Oregon, South Carolina, Texas, Utah and Wyoming, a general verdict is that by which the jury pronounce generally upon any or all of the issues in favor of plaintiff or defendant. A special verdict is that by which the jury find the facts only, leaving the judgment to the court. The special

verdict must present the conclusions of fact as established by the evidence and not the evidence to prove them, and those conclusions of fact must be so presented that nothing shall remain to the court but to draw from them conclusions of law.

Take the instrument in the instant case. The conclusion of fact is there; it is established by the evidence. The instrument does not contain the evidence to prove the conclusion of fact, and the conclusion of fact is so presented as nothing remains for the court to do but to draw from such conclusion of fact a conclusion of law. In keeping with this statement, and remembering that in Nebraska we have drawn no definite distinction between special findings of fact and special verdicts, and considering the rule as stated in *In re Estate of Kerr*, 117 Neb. 630, 222 N. W. 63: " 'To entitle a party to a judgment on the special findings of a jury, where the general verdict is against him, such findings must establish all the ultimate facts from which his right to a judgment results as a necessary legal conclusion.' *Omaha Life Assn. v. Kettenbach*, 55 Neb. 330", it would seem to me that the ultimate fact, testamentary capacity, from which the proponent's right to a judgment results as a necessary legal conclusion, is within the instant case.

Upon the trial of an issue of fact a special verdict should find facts to which the law gives a determinate effect conclusive of the issue. The special verdict must be a statement of the ultimate facts, not of the evidence upon which they rest. It follows from the requirements that nothing further shall remain but for the court to draw the proper conclusion of law from the facts found. It is only when the evidentiary facts returned are such as the law has made conclusive evidence of the ultimate facts that they are tantamount to finding the latter and will support the judgment. *Chicago & N. W. Ry. Co. v. Dunleavy, supra*. There is no conclusion of law stated to the jury's answer to the instrument in the instant case. The answer is an answer to the ultimate facts from which the legal conclusion may be drawn.

To proceed: "The purpose of a special verdict is to furnish the basis of a judgment to be rendered, and of special findings in answer to interrogatories, by eliciting a determination of material facts, to furnish the means of testing the correctness of the verdict rendered, * * * ." 27 R. C. L., sec. 37, p. 865; citing *Parkinson Sugar Co. v. Riley*, 50 Kan. 401, 31 Pac. 1090, 34 Am. St. Rep. 123.

Section 25-1121, R. S. 1943, uses the language: "In all other cases the court may direct the jury to find a special verdict, in writing, upon all or any of the issues; * * * ." Questions submitted for a special verdict should be such that a judgment can properly be rendered on the answers given to them. Special interrogatories, however, bearing directly on the special issues in the case, calling for findings as to ultimate facts essential to the determination of such issues should be submitted to the jury although they are not determinative of the case under all of its issues. The universal rule is that it is essential to a special verdict that it contain all of the ultimate facts on which the law is to arise and the judgment of the court is to rest. 27 R. C. L., sec. 49, p. 875. Citing *Ward v. Cochran*, 150 U. S. 597, 14 S. Ct. 230; *Rice v. Evansville*, 108 Ind. 7, 9 N. E. 139; *Schellenbeck v. Studebaker*, 13 Ind. App. 437, 41 N. E. 845; *Welland Canal Co. v. Hathaway*, 8 Wend. (N. Y.) 480; *State v. Hanner*, 143 N. C. 632, 57 S. E. 154, 24 L. R. A. n. s. 1, and note; *Brown v. Ferguson*, 4 Leigh (Va.) 37, 24 Am. Dec. 707; *Gatzow v. Buening*, 106 Wis. 1, 81 N. W. 1003. It should be of such a nature that nothing remains for the court but to draw from the facts found the proper conclusions of law and enter judgment thereon. Citing *Graham v. Bayne*, 18 How. 60, 15 L. Ed. 265; *Emery v. Raleigh & G. R. Co.*, 102 N. C. 209, 9 S. E. 139.

A few definitions given in cases will not be amiss: In general: "Special findings are particular findings of individual facts." *Atchison, T. & S. F. Ry. Co. v. Osburn*, 79 Kan. 348, 100 Pac. 473.

"In a will contest, where jury found against will, and also found that just that part made in housekeeper's favor

was procured by undue influence, latter answer constituted 'special finding' (Crawford & Moses' Dig. sec. 1304)." *Hyatt v. Wroten*, 43 S. W. 2d 726 (184 Ark. 847).

From Indiana, where special findings are analogous to special findings in Nebraska: "The office of a special finding is to state the ultimate facts, and not the probative or evidentiary facts." *Behler v. Ackley*, 89 N. E. 877 (173 Ind. 173), citing *Taylor v. Canaday*, 155 Ind. 671, 57 N. E. 524.

Special Interrogatory: " * * * the purpose of 'special interrogatories' is to elicit facts to test the correctness of the general verdict." *Freedman v. New York, N. H. & H. R. Co.*, 71 Atl. 901 (81 Conn. 601).

Special Verdicts: "A special verdict is where the jury find the facts particularly, and then submits to the court the questions of law arising upon them." *Day v. Webb*, 28 Conn. 140.

A special verdict must contain the conclusions of fact as established by the evidence to the satisfaction of the jury, and not the evidence to prove them. *People v. McClure*, 148 N. Y. 95, 42 N. E. 523.

Getting to a neighboring state: A "special verdict" is defined by statute as that by which the jury finds the facts only, leaving the judgment to the court. *Morrison v. Lee*, 13 N. D. 591, 102 N. W. 223; also *Heuther v. McCaull-Dinsmore Co.*, 52 N. D. 721, 204 N. W. 614.

Now, an important analysis: The purpose of a special verdict is to furnish the basis of the judgment, while the purpose of special interrogatories is to elicit facts to test the correctness of the judgment. *Freedman v. New York, N. H. & H. R. Co., supra.* The cases are without dispute as I have analyzed them. Now, then, what is the instrument we are dealing with? It is labeled a special interrogatory. The label makes no difference. It is, in effect, a special verdict under the decisions I have cited. If that is the effect of the instrument, and if it means the general and universal rule as to what a special verdict is, then what would be the function of the court when it draws a conclusion of law

from it? It would seem natural that the court should then protect the interest of the litigant in whose favor such conclusion of law is found. The conclusion of law develops from what the jury found and the manner in which they found it is certainly in keeping with the special verdict. I would like to call attention, however, to how a few states in the Union consider the purpose of the foregoing:

Iowa: Special findings are designed to exhibit the grounds upon which the general conclusion is based. The design of special interrogatories is to point out the controlling questions in the case, exact for them separate consideration, and thereby guard against misapprehension of what are the vital issues to be determined. When the answers cover all the ultimate facts, these furnish a full explanation of the general verdict and a safe test of its accuracy.

Michigan: The statute authorizing special questions contemplates that they shall be put in explanation of the general verdict. The object of the statute is to ascertain whether the jury had, in making up their verdict, *properly applied the law as given by the court to the facts of the case.*

Nevada: By submitting special interrogatories, the expense and delay of a second trial may be often avoided, and by this practice the law is much more effectually separated from the fact than by giving hypothetical instructions.

New York: The object of the provision in regard to special findings was to enable the court to leave the case to the jury generally, *but to control their verdict by findings,* which would render a second trial unnecessary in cases where no exceptions were taken, or rather to prevent the necessity of exceptions to the charge.

Where a jury answers proper interrogatories and substantive facts are conflicting, then the general verdict cannot stand if the answer to the special interrogatory is of an ultimate fact from which a legal conclusion develops. *Bence v. Denbo,* 98 Ind. App. 52, 183, N. E. 326. When a jury returns a general verdict and in answer to special

questions makes special findings of fact inconsistent therewith, the special findings control, and the court may render judgment accordingly. *Kansas State Bank v. Skinner*, 121 Kan. 322, 246 Pac. 497.

The court may render judgment on answers to special questions regardless of general verdict inconsistent therewith. *Musgrave v. Equitable Life Assurance Society*, 124 Kan. 804, 262 Pac. 571. Special findings on material issues inconsistent with general verdict and irreconcilable, control general verdict if sufficient to authorize judgment when taken with facts admitted by pleadings. *Forest Products Co. v. Dant & Russell*, 117 Or. 637, 244 Pac. 531.

In Nebraska, the rule is announced in *In re Estate of Kerr, supra*, on special findings; is also announced in *McClary v. Stull*, 44 Neb. 175, 62 N. W. 501; *Norfolk Beet-Sugar Co. v. Preuner*, 55 Neb. 656, 75 N. W. 1097; *Kafka v. Union Stock Yards Co.*, 78 Neb. 140, 110 N. W. 672; *Walker v. McCabe*, 110 Neb. 398, 193 N. W. 761. Such cases have reference primarily to section 25-1120, R. S. 1943.

In *Culbertson Irrigating & Water Power Co. v. Olander*, 51 Neb. 539, 71 N. W. 298, we held: "A general verdict will be set aside if in irreconcilable conflict with a special finding of fact * * * ."

Now, I am fully cognizant that, had the court left the general verdict out, the two issues presented would be determinative of the case, and the will and codicils would necessarily be set aside on account of undue influence exercised on the testator, and I recognize that, while the general verdict exists, the question is with reference to just what is "special interrogatory No. 1." From the manner in which it is worded and the answer which it solicits, it is a factual determination of an issue from which a legal conclusion may be drawn. That is a special verdict. The jury have no concern beyond finding the facts only. It is for the court alone to say what is the legal significance of the facts found, and it may neither trespass upon the jury's province or permit invasion of its own. In determining whether

the findings of a special verdict will support a judgment and what judgment should be rendered, the special verdict is to be fairly and liberally construed.' A special verdict settles the facts, and the court, by its judgment, pronounces the conclusions of law upon such facts. Where a motion for a new trial is submitted to the trial court, setting forth error generally occurring at the trial, or preserving a right with reference to such an incident as we have in the instant case, the matter is reviewable here. Upon appeal, reversal with directions to enter judgment in accordance with the opinion of an appellate court, where the appellant has taken such steps in the lower court as to entitle him to judgment there, is the pertinent question.

However, in a case of this kind, there would be some reason why a special finding on testamentary capacity was given to the jury. Was it simply advisory to the trial court, or does it disclose to the trial court that the issue of testamentary capacity is determined and the trial court should draw a legal conclusion therefrom and dispose of the issue? What other function could it serve? Is it analogous to the rule in certain states where a special finding disposes of the issue when a judge derives a legal conclusion therefrom, the purpose being to avoid a retrial of the same issue and thereby save expense and time of the litigants?

If the findings are tantamount to a special verdict, of what value are they if controlled by the general verdict? The issue is distinct. The jury said from a preponderance of the evidence that the testator possessed testamentary capacity. If he did, then there was only one other matter and that was undue influence, and to discern undue influence the testator must have possessed testamentary capacity.

In connection with what I have said, I desire to call attention to section 25-1314, R. S. 1943. There are no annotations under it. It is as follows: "Entry of judgment by court; when required. Where the verdict is special, or where there has been a special finding on particular questions of fact, or where the court has ordered the case to be

reserved, it shall order which judgment shall be entered."

To my mind, there is no doubt but that the jury's answer to the query propounded to them, that Fred George possessed testamentary capacity to make the will and two codicils, is at least a special finding on a particular question of fact, within the meaning of the above section. If it is, then, applying the section, it would read this way: "Where there has been a special finding on particular questions of fact, the court shall order what judgment shall be entered." Now this section simply does not make the general verdict conclusive, does not even talk about it. Certainly, the section cannot be said to be meaningless; nor is there anything that I can find which raises the sanctity of a general verdict over and above special findings of fact. The law is distinctly to the contrary. Special findings control a general verdict. If this were not so, there would be no occasion for the legislature to pass section 25-1314, *supra*. In none of the cases cited in the supplemental opinion are special interrogatories, special findings of fact or special verdicts included, and they certainly have no bearing on this case.

The following is enlightening on the subject:

"In Massachusetts, while the practice permits special verdicts, general verdicts and answers to questions framed by the court, the special verdict does not rest upon any statute but is the common law special verdict recognized by statute of Westminster 2, 13 Edw. 1, chapter 30, section 2, and by Massachusetts G. L., chapter 11, section 5, but its use is not very common. Chapter 231, section 124, Massachusetts G. L., passed in 1913, provides that when special questions are submitted to a jury the judge may or may not take a general verdict and may report the case on the answers of the jury or may make such other order thereon as he deems proper. This statute, says Chief Justice Rugg of the Supreme Judicial Court of Massachusetts, was presented by the Legislative Committee of the Massachusetts Bar Association and in a statement in support of the act it was said:

" 'One object of this section is to assist the appellate

court by encouraging the practice of framing separate issues and taking special verdicts in cases where such course would enable the court to correct errors of the trial judge by dealing with the case as justice required upon the findings of the jury without sending the case back to be tried all over again simply because the general verdict was taken, when this whole expense and delay of a second trial could have been avoided if the jury had been requested by the trial court to answer specific questions and decide separate issues. This section is not drawn in such a way as to make it obligatory upon the trial court, but it is to favor the practice of taking special verdicts in proper cases, which we believe to be an important and necessary step in any attempt to materially reduce delays and exceptions resulting from new trials.' " American Judicature Society Journal, Vol. XIII, p. 178.

If special findings of fact are not to be considered, let's dispense with them and say they mean nothing and serve no purpose. This case should be remanded to conform to the original opinion.